IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GORDON KIRK KEMPPAINEN | § | |
| | § | |
| V. | § | A-14-CV-493-LY |
| | § | |
| UNITED STATES, ET AL. | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Gordon Kirk Kemppaninen's ("Kemppainen") Application to Proceed *In Forma Pauperis* (Dkt. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing the financial information in Kemppainen's *in forma pauperis* motion, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Kemppainen *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Kemppainen is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Kemppainen's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

**A.    Standard of Review**

Because Kemppainen has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2)(B), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V*

*(U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**B.     Merits of Kemppainen's lawsuit**

In his Complaint filed under 42 U.S.C. § 1983, Kemppainen complains that the United States District Court for the Southern District of Texas and the Court of Appeals for the Fifth Circuit denied him certificates of appealability "when it was very clear and obvious" that his constitutional rights were violated and thus entitled to relief. Kemppainen is attempting to challenge the District Court and the Fifth Circuit's rulings on his eight previous unsuccessful § 1983 lawsuits and Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2254. See 2:2003-cv-083; 2:2003-cv-054; 2:2003-cv-055; 2:2003-cv-229; 2:2003-cv-389; 2:2003-cv-3129; 2:2003-cv-463; 2:2003-cv-194; 2:2003-cv-351; and 2:2003-cv-1984 (barring Kemppainen from proceeding IFP based on his three strikes). On October 15, 2013, the Supreme Court of the Untied States denied Kemppainen in forma pauperis status on the basis that "petitioner has repeatedly abused this Court's process." *Kemppainen v. Texas*, 134 S.Ct. 437 (2013).

Kemppainen is once again attempting to challenge the conditions of his confinement while he was incarcerated by the Texas Department of Criminal Justice. The Southern District of Texas

and the Fifth Circuit have already ruled on all of the claims Kemppainen asserts in the instant suit. The Fifth Circuit has held that IFP complaints may be dismissed as frivolous pursuant to § 1915 "when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.), *cert. denied*, 493 U.S. 969 (1980). Because Kemppainen has presented the same claims and arguments that he has asserted in his previous lawsuits, this lawsuit should be dismissed as frivolous and malicious under §1915(e)(2)(B)(I).

Kemppainen's lawsuit is also frivolous because he is attempting to bring this lawsuit against the United States, which is not a proper defendant in a § 1983 lawsuit. *See Jackson v. United States*, 68 F.3d 471, at *1 (5th Cir. 1995) ("This court neither makes nor intimates any decision concerning the merit of this allegation, but we note that in an action instituted under 42 U.S.C. § 1983 the proper defendants would be the law enforcement officials or other state actors rather than the United States Government"), *cert. denied*, 516 U.S. 1150 (1996). In addition, Kemppainen has also named the Honorable Edward C. Prado, United States Circuit Judge with the United States Court of Appeals for the Fifth Circuit, and the Honorable Hayden Head, United States District Judge with the United States District Court for the Southern District of Texas, as defendants in this case. Federal judges such as Judge Prado and Judge Head are immune from suit under the doctrine of judicial immunity. "Judges enjoy absolute judicial immunity for judicial acts performed in judicial proceedings." *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996).

Based upon the foregoing, the Court concludes that his cause of action is frivolous and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III.  ORDERS AND RECOMMENDATIONS

The undersigned Magistrate Court **RECOMMENDS** that the District Court **DISMISS** Gordon Kirk Kemppaninen's lawsuit as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of June, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE