United States District Court

Western District of Texas

Austin Division

**FILED**

JUN 1 7 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

Gordon Kirk Kemppainen,

V.

United States, et al.

1:14-cv-493-LY

A. <u>Plaintiff's Objections To Magistrate's Report And Recommendations</u>

To, this Honorable Court:

Comes now Gordon Kirk Kempainen, as Plaintiff pro se in the above styled and numbered action, and submits his objections to the Magistrate's Report And Recommendations issued June 4th, 2014.

B. <u>Frivolous Review Claim</u>

In the <u>Magistrate's Report And Recommendation (MR+R) @ II pp. 2-4</u> the Judge claims that Plaintiff's claims should be dismissed as frivolous pursuant to <u>28 USC § 1915.</u>

With all due respect, your Honor, this contract, <u>28 USC §1915</u>, is clearly unconstitutional, has no transparency, and, therefore, is not an enforceable standard — where: 28 USC §1915 is clearly a bill of attainder that targets only a certain class of Plaintiff's and/or Petitioner's, which is proscribed at <u>U.S. Const. Art. I §9 and 10</u>, while the government is never subjected to this standard, violating the equal protection clause at <u>U.S. Const. Amend. 14</u>; the United States is a federal corporation, <u>28 USC § 3002 (15)(A)</u>, that operates on contracts and all contracts in the United States have a mandatory transparency requirement to make them legal, binding, enforceable contracts, see, e.g., generally, <u>Mobil Oil v. U.S., 120 S.Ct. 2423 (2000)</u> and <u>Geraghty And Miller Inc. v. Conoco Inc., 243 F.3d 917 (5th Cir. 2001)</u>, and the Plaintiff has never, at any time, agreed to the terms and/or benefits of 28 USC §1915 — in fact, Plaintiff chooses to exercise his inalienable rights (<u>Declaration Of Independence (DOI)</u>) to personal, individual, sovereignty (<u>U.S. Const. Amend. 10</u>) which no person or entity may contract with (<u>U.S. Const. Amend. 9</u>) and Plaintiff's sovereignty is greater than the sovereignty of the entire United States (<u>U.S. Const. Amend. 7</u>).

28 USC §1915 should be abolished accordingly, Plaintiff so moves, as Plaintiff specifically dissents to 28 USC §1915.

## C. Merits Reviewed Claim

In the MR+R @ II B pp 3-4 the Judge states that all of Plaintiff's claims have already been ruled on and have final dispositions, citing numerous suits that Plaintiff has no knowledge of nor access to, depriving me of my inalienable right to access to courts (DOI; U.S. Const. Amends 1,14; Bounds v. Smith, 97 S.Ct. 1491), Plaintiff having no access to electronic filing nor any computer nor internet service of his own, while nowhere in the record of Plaintiff's legal proceedings has all of Plaintiff's merits been addressed and ruled on and Plaintiff has clearly been deprived of his inalienable right to appellate review and rulings on all of the merits of his cases by the Article III Courts. (DOI; U.S. Const. Art. III). As an institutionalized, homeless, disabled American and disabled Veteran that is receiving government assistance already, Plaintiff is clearly entitled to all of these services, programs, and activities that the government has and all other services, programs, and activities that the government has that Plaintiff is not receiving, (Americans with Disabilities Act of 1990 (ADA; 42USC§§12101 et seq.); 42 USC § 12132; U.S. Const. Art. VI), including, but not limited to 100% disability and retirement pay with all other gov't. employee benefits from the government of the United States and/or Veterans Administration, & housing of choice, property of choice, security of choice, foods of choice, all bills paid by the gov't. (just like the President of the United States has), for the rest of my life, %e fail, tax exempt status, absolute immunity, etc, etc, — and the Attorney General shall promulgate regulations to effectuate the statutes purpose (ADA) and all the Judges in every State shall enforce the supreme law of the land accordingly, U.S. Const. Art. VI.

Merits not previously reviewed nor ruled on include:

i) Actual Innocence — In A-05-5167-CR in Aransas County, 36th District Court of Texas, Plaintiff was unlawfully convicted of a felony DWI under TPC § 49.09 which requires 3 essential elements — (1) Plaintiff must be operating a motor vehicle while intoxicated (2) Plaintiff must actually commit a traffick violation in order to authorize a lawful traffick stop, search and/or seizure; and (3) Plaintiff must have at least 2 prior DWI convictions.

Nowhere in the record of this case is there any proof that Plaintiff was actually operating any motor vehicle, nor was Plaintiff ever issued any traffick citation or convicted of any such violation, nor was it ever proven that Plaintiff had any prior DWI's, and the date of the breathalyzer, which Plaintiff never took, proves the fabrication thereof, plus, drug testing is proscribed under the provisions of the ADA, as being discriminatory.

Plaintiff is clearly innocent by a preponderance of the evidence. Schlup v. Delo, 115 S.Ct. 851.

2

Plaintiff has clearly been deprived of his inalienable rights to life, liberty and property w/o due process of law and w/o equal protection of the law, applicable through the ADA, DOI, U.S. Const. Art. VI and U.S. Const. Amends. 5, 14, entitling Plaintiff to be immediately released from the custody of TDCJ. Plaintiff so moves.

What is more, is the fact that TPC § 49.09 (TPC) is also a "bill of attainder", that targets only persons with prior OWI offenses, and "an ex post facto law", that increases the punishment after the fact, both of which are clearly proscribed at U.S. Const. Art. I § 9 and 10 , making TPC § 49.09 unconstitutional and should be abolished. Plaintiff so moves.

And there is no "transparency" in the TPC § 49.09 contract, where Plaintiff was never informed of his inalienable right to personal, individual sovereignty and his right to dissent to the terms and/or benefits of TPC § 49.09 . Plaintiff specifically dissents to all the terms and/or benefits of TPC § 49.04 and 49.09 and moves to abolish these contracts accordingly.

And according to the Universal Declaration of Human Rights (TUDOHR) Art. 11(2) - "No one shall be held guilty of any penal offense on account of any act or omission which did not constitute a penal offense, under national or international law, at the time it was committed. Nor shall a heavier penalty be imposed than the one that was applicable at the time the penal offense was committed." Plaintiff has no knowledge of any OWI penal offense under national or international law. All OWI laws in the U.S. should be abolished, Plaintiff so moves.

2) Individual Sovereignty - All persons in the U.S. have inalienable rights, DOI ; the power of the people is greater than the power of the government, U.S. Const. Amend. 2 ; the people have personal, individual sovereignty that is greater than any state, states, or Federal sovereignty, U.S. Const. Amend. 10 ; and no person or entity in the U.S. may contend with or deprive any person in the U.S. of their inalienable sovereignty, U.S. Const. Amend. 9 .

Plaintiff may exercise his individual, personal sovereignty to protect his personal liberty and any other of his inalienable rights, see, e.g., generally, Bond v. U.S., 131 S.Ct. 2355 [2,8,9,10,11].

Plaintiff has inalienable rights as an institutionalized person, disabled American and disabled homeless Veteran that are applicable and provided through the "services, programs and activities" language of the ADA, some of which are listed in the: Tx. Const.; U.S. Const.; TUDOHR; Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CATOC & OTP); International Covenant on Civil and Political Rights (ICCPR); Civil Rights Acts of 1871, 1964, et al; - not to be limited thereto, and possibly others unknown to Plaintiff.

Where it is apparent that all law in the United States is commerce, Erie R.R. v. Thompkins, U.S. S.Ct. (1938), and there is only one form of action - the civil action, FRCP Rule 2, which, along with the: Tx. Const.;

U.S. Const.; Civil Rights Acts of 1871, 1964, et al; the "corporate mission statement" of the District of Columbia of 1871; 28 USC; 28 USC § 3002 (15)(A); and numerous other statutes and Court rulings — clearly manifests the understanding that all Law in the United States, and Texas, is, in fact, "Contract Law", with no provision at all for criminal law nor any entity with jurisdiction over criminal law, and entitled to the rules and requirements of "Contract Law", one of which is a mandatory requirement of "transparency", see, e.g., generally Mobil and Geaghty, where, if both parties (or all parties) to a contract are not in total agreement with all the terms and/or benefits of a contract, and acknowledge so in writing with witnesses, then the contract is null and void and not enforceable.

In this present case it is apparent that the 36th District Court of Texas, which is a corporate entity under the structure of the U.S. Const. and 28 USC § 3002 (15)(A), with jurisdiction over only commercial or civil matters, meaning that TPC §§ 49.04 and 49.09 are obviously commercial contracts, automatically accepted Plaintiff's lack of dissent to these contracts as an assent or agreement to the terms and/or benefits therein w/o confirming the transparency of the contract between the parties in writing or with any witnesses, effectively depriving Plaintiff of due process of law, nor informing Plaintiff of his inalienable right to individual, personal sovereignty to protect his inalienable rights to life, liberty, property, et al, and enforced the contracts w/o Plaintiff's authorization.

For the foregoing reasons Plaintiff specifically dissents to the terms of all contracts enforced against him with bad faith conduct and w/o any due process of law and w/o any equal protection of the law, and that he has forcibly been subjected to w/o his consent, including: all terms and benefits of Plaintiffs parole (Plaintiff's Exh. "A") and all conditions related thereto; TDCJ GR-106; TDCJ I-202; TGC Chps 491-511; TCCP; TCCP Art. 11.07; PLRA; AEDPA; 28 USC chps 153 and 154; Rules Governing Section 2254 and 2255 Cases and requirement of a case to appeal the decisions; 28 USC §§ 1915, 1915A; 28 USC § 2254; 18 USC Chp. 44; S. Ct. Rule 39; and all directly related contracts, including all criminal laws, penal codes and data bases — all of which are also clearly bills of attainder proscribed at U.S. Const. Art. I §§ 9 and 10.

Plaintiff moves to abolish all said contracts under the authority of his individual, personal sovereignty, applicable through the ADA, DOE, U.S. Const. Art. VI, and U.S. Const. Amends. 7, 9 and 10, accordingly.

3) Damages — Habeas corpus proceedings are civil actions concerning the legality of an individual's confinement or custody that are governed by a 60 day ruling doctrine, U.S. v. Buttrage, 919 F.2d 348, and, therefore, should be governed by the rules of civil procedure, not criminal procedure, and all suits at common law where the value in controversy exceeds twenty dollars have a right to trial by jury, U.S. Const. Amend. 7, and should clearly not require any special rules, procedures or proceedings for establishing liability and seeking of damages when all

of that is clearly common civil procedure doctrine and purpose.

Plaintiff has been deprived of his inalienable right to a trial by jury with due process of law and equal protection of the law and is still in the custody of TDCJ-parole division. See *Plaintiff's Exh. "A".*

Plaintiff has made a contract to represent himself pursuant to *42 USC § 1981* which has amassed to the hundreds of trillions of dollars, Plaintiff mitigated these damages down to the very reasonable rate of one million dollars per month, being $103 million as of 3/2/14, and Texas made no effort to settle out of court, while no State or Federal Court has compelled any alternative dispute resolution throughout these proceedings.

The *Civil Rights Acts of 1871, 1964, et al* and *42 USC § 1983* clearly manifests the understanding that any person or entity in the United States that interferes with, discriminates against, deprives or causes interference or deprivation of any person of their inalienable constitutional rights, shall be liable therefor all damages incurred therein or thereby such actions and/or conduct.

Plaintiff moves for this Honorable Court to set and enforce all punitive or exemplary damages that Plaintiff is clearly entitled to and to order and compel payment of all compensatory damages Plaintiff is entitled to.

Plaintiff further moves to treble all such damages for being repeatedly subjected to bad faith conduct by Plaintiff's adversary and the State and Federal Judiciary throughout these 9 yrs. of proceedings.

Compensatory damages sought by Plaintiff are $680 trillion as of 6/2/14 and increasing at a rate of $10 trillion per month on the 2nd of every calendar month, with no per diem prorating. See *Plaintiff's Exh. "B".*

Plaintiff justifies justifies these damages as "reasonable" in that no person can place a price tag on one single breathe of life, we are all priceless and cannot be replaced, as is clearly manifested in Plaintiff's compensatory damages sought. In addition:

"All Debts contracted and Engagements entered into, before the Adoption of this Constitution, shall be as valid against the United States under this Constitution, as under the Confederation." - *U.S. Const. Art. VI-31*

Where it is obvious that this Constitution has not been adopted for institutionalized, disabled Americans or institutionalized, homeless, disabled Veterans prior to this time and the State of Texas is clearly an entity of the federal corporation United States, *28 USC § 3002(15)(B)*, clearly makes this contract valid, regardless of *The Civ. Prac. and Remedies (TCPR) § 103.052*, and if compensation were figured by the year then Plaintiff would be entitled to a great deal more, where Plaintiff is entitled to all time credit earned, *Pruett v. Texas, 468 F.2d 51*, and entitled to all the "services, programs and activities" that the gov't. has, *42 USC § 12132*, Plaintiff is entitled to 4 for 1 credit that prisoners at the Aransas County Detention Center (ACDC) were getting when Plaintiff was there for over 40 mos.,

5

8/2/05 to 12/15/08, which now amounts to over 3.5 yrs. at this time, while Plaintiff is only billing for the past 10.6 mos and not the 42.4 mos that he is entitled to, damages sought are clearly very reasonable in this case.

4) Access To Courts/Due Process - All disabled Americans have an inalienable/constitutional right to meaningful, adequate and effective access to courts, (AtC; U.S. Const. Art. I; 42 USC § 12132; Bounds v. Smith, 97 S.Ct. 1491, 1494 (1977); U.S. Const. Amends. 1,14), disabled Americans have a right to assist each other, Bounds @ 1495, must be provided adequate law libraries or adequate assistance for the preparation of legal actions, Id @ 1498-1499, "indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial service to authenticate them and with stamps to mail them", Id @ [3], and "state expenditures are necessary to pay lawyers for indigent defendants at trial," Id @ [5], which clearly infers counsel of choice, not court appointed.

Plaintiff still has none of this, while still institutionalized (see Pl.Exh."A"), within the MR+R Judge Austin makes numerous citations which Plaintiff has no way to verify or challenge, e.g., MR+R p.4 para 2 cites "See Jackson v. United States, 68 F.3d 471, at *1 (5th Cir.1995)..." - even with Plaintiff borrowing the use of someone elses computer for research, Plaintiff can only verify that Jackson was affirmed, in addition to the fact that even borrowing the use of a computer Plaintiff still cannot submit any electronic filings to any Court, clearly disabling all Americans from our inalienable right to access to the Courts and depriving all of us disabled Americans from our inalienable rights to all of the "services, programs and activities" that we are all entitled to. ADA; AtC; U.S. Const. Art. I.

In the TDCJ disabled Americans have none of this, either, and what little is provided is very is very restricted. We have no access to all of the laws and treaties, with no access to ; any Federal Appendices; Supreme Court Digest; the ADA; the ICCPR; the Affordable Care Act (ACA); the CATOCI DTP; the Civil Rights Acts of 1871, 1964, et al; the "corporate mission statement" of the District of Columbia of 1871; the Civil Rights of Institutionalized Persons Act (CRIPA); all the laws that the U.S. Supreme Court and the U.S. Congress and the U.S. Senate has access to in the language of our choice; the United Nations General Assembly and activities therein; the International Courts and all of their rulings and laws they have access to ; the Library of Congress; the U.S. Supreme Court Law Library - all w/o charge, fee or any special requirement or provision - w/o which no person can possibly, competently or fairly represent themselves or any other person, amounting to no due process of law and violating the equal protection clause of the U.S. Const., U.S. Const. Amend. 14, no access to our own or any Court records eventhough they are public records and we are all entitled to the provisions of the Freedom Of Information Act (FOIA), which we have no access to either, and no access to any phone, phone directory(ies), computer (personal computer) w/ services and means of use thereof, or any other means of communication for any electronic filing in any Court or to call any Court, attorney or public official, with no access to the knowledge of the law

6

and no means to learn the law in our native language or language of choice, and we are all clearly entitled to all of this under the provisions of the <u>ADA</u> and <u>U.S. Const. Art. VI</u>, where the Attorney General shall promulgate regulations to effectuate the statutes purpose to provide all of the services, programs and activities that the gov't has to all disabled Americans and the Judges in every State are bound thereby, respectively.

All persons in the U.S. have an inalienable right to due process of law and equal protection under the law w/o discrimination of any kind, <u>DOI; U.S. Const. Art. VI; U.S. Const. Amends. 5, 14; Civil Rights Act of 1964; TUDGHR Act 7</u>, and applicable to the institutionalized, disabled, homeless Americans and Veterans through the <u>ADA</u>, the accused in Texas, and probably the U.S., are deprived of these rights and all persons in TDCJ are also, none of us has been informed of all of our inalienable rights, nearly all of us are deprived of any and/or all of the records in our own cases, with no access to any of the "tools of the trade" that our adversary has access to, while the law clearly infers that we are all entitled to everything that our adversary has, under the fundamental fairness doctrine of U.S. Const. Amend. 14, with no access to all of the "tools of the trade", laws and/or treaties that our adversary has, with no access to the knowledge of the law in our native language or language of choice and understanding, and no way to get the education needed to learn all of the laws and treaties in the language of our choice and understanding — all convictions obtained without are clearly all unlawful.

"A judgment of conviction for crime is void unless conviction was obtained by the due course of the law of the land."

<u>Gentry v. Tx. DPS, 379 S.W. 2d 114 (1964)</u>

Access to courts is also clearly one element of due process of law. In TDCJ law libraries, which are clearly "NOT" law libraries, but merely rooms with a few law books in them, prisoners are not permitted to talk to one another w/o specific permission and then only for a few minutes, clearly violating our freedom of speech, <u>U.S. Const. Amend. 1, and FOIA</u>; not permitted access to toilet paper, a working toilet, running water, or drinking water w/o losing our entire session; restricted to 2 hour sessions and only 5 days a week and only certain times of the day, while our adversary has no such restrictions at all; we are only provided with computer or copying machine paper, w/no access to any computer, copying machine or internet service, while being deprived of lined paper to write on if we choose to handwrite our pleadings and when in the law library we cannot get any paper, pen, envelopes, stamps or anything else for preparing our legal work, we must bring our own, even if we are indigent, and indigent supplies are severely restricted, not "provided", billed for, with a requirement that we must use what is issued to us before we can get more, which always interferes with our preparing of legal papers, and we can only get such supplies only on certain assigned days, not when we need them, and now we are restricted to 5 personal letters a month and restricted in size and weight of personal letters; w/it envelopes must be ordered in advance and we must prepare, address and seal them at the moment they are provided, with no access to stamps or the U.S.P.S. to mail them; we are deprived of access to all of our records in TDCJ, with no

7

access to mailroom records to verify mailing of legal mail, 4/no personal U.S. mailbox of our own, no access to the U.S. Mail system, with no prompt delivery or sending of any personal or legal mail, while personal mail has a higher priority than legal for sending and delivery, and deprived of receiving our legal mail from U.S. Postal employees, as well as deprived of receiving all other personal correspondence and packages from friends and family through direct delivery by U.S. Postal employees and 4/o being subjected to unlawful searches and/or seizures – while our adversary is not subjected to any of this and all of these standards are clearly contrary to the inalienable rights of institutionalized disabled Americans.

Plaintiff's inalienable rights to access to courts provisions combined with the "services, programs and activities" provisions of the ADA and TUDOHR Art. 12 (applicable through U.S. Const. Act II), clearly manifests the understanding that no person or entity shall interfere with the access to courts or any type of correspondence of any person or entity, 4/o any type of discrimination, even on parole or probation, 4/o it clearly amounting to interfering with and depriving that person or entity of their inalienable rights, which, in turn, clearly amounts to the interfering with and deprivation of their (and Plaintiff's) inalienable rights to due process of law 4/o equal protection of the law. ADA; DOE; U.S. Const. Act VI; U.S. Const. Amends. 1,5,14; TUDOHR Arts. 9,12; Civil Rights Act of 1964; F.O.I.A; et al.

Plaintiff has clearly been deprived of his inalienable rights to access to courts and due process of law in nearly every way that TDCJ, the State of Texas, and the U.S. gov't, can interfere with and deprive Plaintiff of these and many other of his inalienable rights. Plaintiff moves for an appropriate ruling, accordingly.

5) <u>Right To Counsel</u> – Plaintiff has been deprived of his inalienable right to counsel of choice to defend him and represent him throughout all of his legal and Court proceedings, with ineffective assistance of counsel at and pre-trial, where he was never informed of all of his inalienable rights by his court-appointed counsel, and continuing through his direct appeal process and all collateral relief proceedings and other civil actions, to present, where this inalienable right to counsel clearly infers counsel of personal choice with the wages of that counsel paid by the gov't. In addition, all court-appointed counsel clearly makes the adversarial process of all such legal proceedings fundamentally unfair, where the accused has no effective defense with all Court actors clearly defending the gov't., and should be abolished, accordingly. Plaintiff moves for an appropriate ruling, accordingly. ADA; DOE; U.S. Const. Act VI and Amends. 5 & 14; Civil Rts Act 1964; TUDOHR Art. 9; et al.

6) <u>Deliberate Indifference</u> – Plaintiff (and all other prisoners in TDCJ) are subjected to cruel and unusual punishment daily in the custody of TDCJ, which is proscribed at U.S. Const. Amend. 8, TUDOHR Art. 5, CATOCIDTP, et al, (all applicable through the ADA, DOE and U.S. Const. Act VI), through: being deprived of access to the commissary, dining halls, foods, drinks, funds and all other "services, programs and activities" that the gov't has, arbitrarily, daily; having food

prepared in a filthy, unsanitary, fly infested, disease infested, environment, served foods that are many times spoiled, inedible, raw, undercooked, overcooked and always cross contaminated with drugs, laxatives, other foods, spit, sweat, dirty hands, cooking oils, bugs, grasshoppers, weeds, rocks, twigs, bones, dirt, or cleaning agents, while deprived of milk, silk, orange juice, grapefruit, grapefruit juice, V8, bread of choice, dairy products, chicken eggs, and never served any FDA or USDA Grade A foods at all; deprived of caffeinated coffee and fountain drinks at meals, while having all foods and drinks prepared by diseased persons 4/no training or certification, 4/no hairnets or gloves to handle food and no mask to keep their spittle out of the food while talking, having poor hygiene practices, and depriving us of cooking and preparing our own meals and serving ourselves; no fire safety equipment in housing (e.g., no smoke alarms, fire alarms, smoke detectors, fire detectors, fire extinguishers, sprinkler systems or any other fire fighting equipment) with no fire drills and no way to evacuate housing in the event of a fire, no way to protect one's life, liberty or property or get to safety in any way, being trapped, with no way to open doors, with permanent obstructions in all windows and doors, and windows too small to fit through and no direct exit to outdoors from personal housing; inadequate, disease infested ventilation systems that are not cleaned nor designed to be cleaned, posing unnatural and excessive health risk and diseases to the respiratory and cardiovascular systems of all persons; subjected to excessive heat in Summer 4/no fan or air conditioning systems available to prisoners in our housing while arbitrarily locked in and forced to stay in housing subjected to such conditions; subjected to excessive cold in the Winter 4/windows that do not keep the extreme cold out or from coming in, while forced to sleep directly in front of the windows, many times providing 2 blankets does not keep us warm, especially when forced to use one of the blankets as a pillow because we are not provided 4/pillows, 4/no access to any thermostat or any other means to control the heating system in our personal housing; subject to sleep deprivation daily, 4/no way to get 8 hours of undisturbed quiet time for sleep in any 24 hr. period, while making noise all day and all night; slamming heavy metal doors (45 of them, twice every hour during the day, sometimes more, from 1AM to 10:30PM daily, till 1AM weekends & holidays) while scheduling work crews and duties all night long, every night, in immediate housing area, and woke up for ID checks every single night; deprived of cleaning agents, items, supplies, sanitizers and disenfectents, arbitrarily, for cleaning personal housing area, 4/no access to washers and dryers or laundry detergents or bleach for doing personal laundry issued and/or sold at the commissary; restricted to movement at all times and heavier restrictions during taking of muster or counts; arbitrarily deprived of personal identification; arbitrarily deprived of and/or confiscation of personal property, including foods, drinks, personal hygiene items and supplies (e.g. toothpaste, mouthwash, deoderant, deoderant soap, body wash, shampoo, conditioner, masculine + feminine needs and products) 4/arbitrary restrictions on types and amounts; 4/no due process of law or justification, serving no security threat or penological or rehabilitative

9

purpose; subjected to an open human sewage system and animal sewage, arbitrarily, daily; mixing foods (e.g. peanut butter and jelly, different types of beans, vegetables and/or fruits) causing additional contamination and cross contamination of foods and food items in our meals; arbitrarily deprived of 3 hot, wholesome, nutritious meals daily, while served cold and refrigerated meals, some uncooked, all prepared in unsanitary conditions and served in unsanitary conditions, packaged in non-food grade packaging that is not sealed and in a brown paper bag; arbitrarily deprived of hot (boiling) water and ice at all times, both of which are necessary for minor and major medical emergencies and/or food preparation; arbitrarily deprived of daily hot showers, drinking water, working toilets and toilet paper, all of which of which is mandatory to maintain good health and sanitary hygiene; arbitrarily deprived of personal clothing, headwear, footwear, hot weather provisions and cold or inclement adverse weather clothing and provisions; deprived of proper classification and segregation by race, age, religion(s), brotherhood(s), sisterhood(s), gangs, and/or unions, creating hostile, abusive and violent environments by prison officials, under official prison policy, arbitrarily deprived of adequate needs for personal security of all persons (e.g. alarm systems, telephones, radios, surveillance systems, video-audio recording equipment and sufficient staff); arbitrarily deprived of members of the opposite sex which deprives all prisoners of the major life activity of reproducing and clearly amounts to sexual discrimination, creating a hostile, abusive, violent environment by official prison policy, and creating other psychological, physiological and biological health problems; forcibly subjected to racial and sexual discrimination daily; forcibly subjected to homosexual environments; arbitrarily deprived of all inalienable rights provided by the ADA, OCR, Ti. Const, U.S Const, TViolAR, CivRt Act 1964, EATOCRDTP, et al; —and much more, some of which is covered in Plaintiffs ADA claim, next—none of which any govt. employee is forcibly subjected to or willingly chooses and prefers for themselves, nor required to tolerate in any way, making all of this clearly contrary to any type of contemporary standards of decency and collectively clearly amounting to indisputable cruel and unusual punishment.

Additionally, Plaintiff has been deprived of: prescribed medical treatment by Dr. Brad Hawkins of Rockport, Tx. for his back and neck injuries, Plaintiffs medical history being known and verifiable by TDCJ staff and they refuse to verify, which has led to additional injuries and ongoing pain and suffering, mental anguish, anxiety attacks, etc., etc., since dec 5', access to a VA clinic, emergency room at a hospital and doctors, treatments and medications of Plaintiffs choice, eventhough Plaintiff is enrolled in the VA Healthcare Program (see Pl.Exh.C) and has filed multiple claims that Plaintiff has inalienable rights to treatment; the provisions of the Affordable Care Act (ACA); and now Plaintiff believes that he is clearly developing PTSD from the slamming of the heavy metal doors, which is loud noise much like artillery or gunfire, where I am having periods when I can't read, write or focus and I'm hearing noises, additional noises, when I'm trying to sleep, most likely I could not prepare these claims if I were unable to just copy most of them from previous filings, while being deprived of dental care daily (along with all other prisoners in TDCJ) as TDCJ does not provide for the repairing or replacing of teeth or any dentures in any way, we all need teeth

10

To eat and consume food by nourishment together, in violation of Fed. Reg. 1-44 and against TDCJ policy.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the 8th Amendment...

"[W]hen the State takes a person into it's custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being....The rationale for this principle is simple enough: when the state by the affirmative exercise of it's power so restrains an individuals liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs — e.g., food, clothing, shelter, medical care, and reasonable safety — it transgresses the substantive limits on state authority set by the 8th Amendment..."

Contemporary standards of decency require no less. Estelle v. Gamble, 97 S.Ct @ 290-291."

_Helling v. McKinney, 113 S.Ct 2475, 2480 (1993)_

TDCJ; provides inedible Grade C food for prisoners and arbitrarily deprives us of that and commissary, supermarkets, restaurants and all other sources of food; provides no personal clothing that is ours to keep and maintain, only lets us borrow some of their clothing, with no way to launder any personal clothing at all, while loaning us biologically soiled clothing (used) to wear daily that is infested with athlete's foot fungus and other diseases of the hair and skin that is not even thoroughly cleaned and/or sanitized, clearly violating OSHA standards as well as compounding disease infestation of prisoners; provides inadequate, unsafe, lethal shelter, temporarily and demands movement therefrom arbitrarily, without any due process of law, security reason, penological or rehabilitative purpose or any other type of justification; provides no competent medical-care and no healthcare insurance, mental healthcare or insurance, dental care or insurance; provides a hostile, abusive and violent environment with no provisions for personal safety, self-defense, or safety of personal housing or personal property and no provisions at all for any personal privacy at any time, that is severely overcrowded and understaffed at all times.

"That the 8th Amendment protects against future harm to inmates is not a novel proposition. The Amendment, as we have said, requires that inmates be furnished with basic human needs, one of which is "reasonable safety." De Shaney, supra,.....It is "cruel and unusual punishment to hold convicted criminals in unsafe conditions." — _Id.@ 2480-2481_

"...in Rhodes v. Chapman,...(1AS, 1974), held that inmates were entitled to relief under 8th Amendment when they proved threats to personal safety from exposed electrical wiring, deficient firefighting measures, and the mingling of inmates with serious contagious diseases with other prison inmates. Ramos v. Lamm,...(CA10, 1980) stated that a prisoner need not wait until he is actually assaulted before obtaining relief." — _Id.@ 2480-2481_

TDCJ does not make any attempt to thoroughly screen prisoners for diseases, nor do they classify us accordingly.

".... The Government recognizes that there may be situations in which exposure to toxic or similar substances would "present a risk of sufficient likelihood or magnitude — and in which there is sufficiently broad concensus that exposure of anyone to the substance should therefore be prevented — that "the Amendment's protection would be available even though the effects of exposure might not be manifested for some time.,..., In the course of such proof, he must also establish that it is contrary to current standards of decency for anyone to be exposed against his will and that prison officials are deliberately indifferent to his plight." — _Id.@ 2481_

Such is the case here at the Dalhart Unit, and many other TDCJ Units, where all prisoners are exposed to untreated human sewage daily against our will, which is a known cause of hepatitis, dysentery, typhoid and other communicable diseases, and the deliberate indifference is obvious where the unit is designed with a sewage trap open to the air before it is treated in any way and on numerous occasions prison staff have deliberately flooded this unit as well as others with the untreated human sewage while shutting off the entire water supply so that the toilets are inoperative and filled with human sewage as well, for extended periods, even several days at a time. Also Plaintiff has been forcibly subjected to toxic smoke inhalation 3 times since 2005 with no attempt to evacuate, forced to remain in a burning and smoke filled building, and

no oxygen or any other medical attention, all made available once filed in Crane's Care Center (ACDC) in Dec. 2008 and at least twice here in the Dalhart Unit, once in Mar. 2012, for numerous days off and on over a period of 2 or 3 weeks the entire unit was engulfed in smoke, and once more in Mar. 2013, a fire inside #1 bldg. where Sgt. Stone actually instructed all of us to "sit down and remain seated" while the building was filled with smoke, with many prisoners trapped in their cells with no way to get out and no prison officials making any attempt to evacuate any of us or got us to any fresh air, while the buildings are not even designed with any "fire exits" from our personal housing or otherwise. The exhaust ventilation system, if used at all, is futile as the entire ventilation system is permanently contaminated and must be either physically or manually sanitized and/or sterilized or completely replaced before any human (or animal) habitation is safe in the building, ever again. The smoke and it's residual toxins do not just "go away" or "disappear", their effects are still here, killing all of us, one breathe at a time, until we leave or drop dead. The ventilation systems in these facilities are not designed to be sterilized or cleaned in any way, nor do they appear to be replaceable without total evacuation and a major renovation, therefore, the ACOC and the TDCJ Dalhart Unit are not safe for human habitation and should clearly be evacuated and condemned for the foregoing reasons. Petitioner so moves, as this is clearly lethal conduct, with deliberate indifference towards the good health of all persons, as well as contrary to OSHA standards of safety and any contemporary standards of decency.

"Under 8th Amendment, prison officials may not use excessive physical force against prisoners and are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. USCA Const. Amend. 8."

Farmer v. Brennan, 114 S. Ct. 1970 @[3] (1994)

Murdering prisoners, as prison officials did here at the Dalhart Unit on June 3rd, 2013, pursuant to official TDCJ policy and using physical force and violence, with the use of pepper spray, (or tasers as some other facilities like ACOC and San Patricio County all in Sinton, Tx. are known to), on prisoners at any time is clearly excessive physical force, because we, as humans, cannot breathe pepper spray, and is far from ensuring reasonable personal safety of or for any prisoner(s). Pepper spray and tasers are clearly designed for self-defense and cannot possibly be used to ensure personal safety of any person, they are clearly just as lethal as knives and firearms, as persons have perished from the effects of both, and should be governed and regulated the same as any firearm or other device designed for self-defense and/or personal protection.

In TDCJ we are all arbitrarily deprived of 3 hot, wholesome, nutritious meals, sometimes for many days at a time, during scheduled and unscheduled "lockdowns", while fed cold meals packaged in non-food grade packaging, packed in a brown paper bag, prepared in an unsanitary disease infested environment and fed in the same conditions, while being deprived of daily hot showers, personal privacy, freedom of movement and other good health and hygiene practices, while being forced to live in close quarters, in the same cell, with another person while they are using the toilet and excreting bodily waste through natural biological functions, clearly using wanton and unnecessary health risks to all prisoners. Prisoners in TDCJ are also arbitrarily deprived of any and all access or use of : sugar ; flour ; Grade A chicken eggs ; milk ; soy milk ; cheese and other common dairy products ; and other common ingredients like fresh Grade A meats, fresh fruits, and fresh vegetables, — with no way to prepare, cook, or store such foods even if we did have access to them, clearly amounting to deprivation of food and deprivation of good health, with deliberate indifference.

"Prison officials have duty to protect prisoners from violence at hands of other inmates." – Id. @[4]

There are fights between and among prisoners in TDCJ daily, many of which go unreported and are unknown to prison officials, primarily because TDCJ does not have sufficient staff to protect all prisoners, with no other means of personal safety provided, and some violence, in fact most all violence, among prisoners is compelled, authorized or contracted directly by prison officials, especially through official TDCJ policy, where prisoners in TDCJ are not properly classified or segregated, housing gang members with non-gang members, housing gang members with members of a different or rival gang, racial discrimination through refusing to house prisoners of the same race together, as well as sexual discrimination through housing members of same sex together, amounting to forced homosexual conduct, all of which

12

creates a hostile, abusive and violent environment, in dayrooms with not enough seats for all prisoners to watch television and no way to move seats around with no provision for individual seats and not enough seats for all prisoners to use tables for games or whatever use, with insufficient games for all prisoners, as well as insufficient exercise and weight equipment and outdoor recreation equipment and facilities and insufficient dining, library, law library and education facilities, services, programs and/or activities to provide for all prisoners while forcing 2 prisoners to be housed in cells for or designed to accommodate only 1 prisoner, all of which clearly compounds the hostile, abusive and violent environment, while not providing every prisoner with their own TV and radio to watch and/or listen to always creates oppression and dissension among prisoners daily, and all under official TDCJ policy.

"In cases involving failure to prevent harm, 8th Amendment is violated only when inmate shows he is incarcerated under conditions posing substantial risk of serious harm, and that officials displayed 'deliberate indifference' to inmate health or safety. USCA Const. Amend. 8." – Farmer @ [5]

Prison officials in TDCJ are clearly aware of what causes all of the violence among prisoners and make no attempt at all to correct or eliminate the problems, the problems are very obvious and prison officials are clearly deliberately indifferent.

Failure of prison officials to evacuate prisoners during a fire, while the building fills with toxic smoke and ordering the prisoners to sit down and be seated, when there is not even enough seats for all prisoners, and forcing those same prisoners to continue living in the same building where the fire is, or was, with no type of exhaust fan working nor any type of access to any fresh air, with no provision at all for medical attention and not even calling a fire department, very clearly qualifies as a good "textbook example" of a "deliberate indifference" standard, and all done under official TDCJ policy and protocol.

"Requirement that prison officials show 'deliberate indifference' to prisoners, in order to be liable for failure to prevent harm, is satisfied by something less than act or omissions for every purpose of causing harm or with knowledge that harm will result. USCA Const. Amend. 8." – Id. @ [1]

Plaintiff has been attacked a few times by his own cell mates, of different races and/or of gang affiliation, confined in close quarters, 2 of us in a 1 man cell, the last time which was around March 2011, where my cellie, a little Mexican prisoner around 5'6" or so attacked me while I was in my bunk, I'm 6'1", and he had injured his hand from striking my front teeth, while I was not even looking or expecting it, I was laying down looking the other way, out my window, and he busted my lip with a wild swing. If I were standing he could not even have reached my face, all I would have to do was put my hand out to protect myself, if I were facing him, and he could not even have reached my face. I was still punished (disciplined) for fighting even though I had no history of fighting and he (John Gallardo) had a history of doing this sort of thing. The Chief of Classification, Mr. Messer, had to know this when he housed us together, clearly deliberate indifference. How prison officials could not determine or not infer a risk to my safety and not draw that inference, I cannot understand. Besides this, it is just not possible to ensure the safety of any person through any type of confinement, even with enough or adequate prison staff and not being overcrowded with 2 men in a 1 man cell, whether confined with others or solitarily, it just isn't possible.

"The Supreme Court has held that to establish extreme indifference, the plaintiff must show that the [defendant] knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference."

Drake v. Velasco, 207 F. Supp. 2d 809

In regard to forced smoke inhalation and toxicly contaminated foods and ventilation systems, Petitioner does not understand how any fairly intelligent adult(s) cannot draw such inferences, with everything so obvious. Respiratory diseases, smoke inhalation, hepatitis and typhoid and their causes are all fairly commonly known to be lethal.

"Allegations that the cells prisoners inhabited were filthy and that they suffered from a total lack of sanitation and personal hygiene stated an 8th Amendment claim. USCA Const. Amend. 8."

Boyd v. Anderson, 265 F. Supp 2d 952 (N.D. Ind. 2003) @ [23]

13

Prisoners in TDCJ are arbitrarily deprived of cleaning agents, sanitizers and disinfectants to clean our cells as well as arbitrarily deprived of deodorant, deodorant soap, toothpaste, mouth wash, wash cloths, towels, clothes, washing machines and dryers, shampoo, conditioners, body wash, aftershave and all other common hygiene products and needs, arbitrarily deprived of cleaning supplies (e.g., latex gloves, brooms), dust pan, mop, mop bucket, cleaning rags, sponges, etc.) and arbitrarily deprived of hot showers and/or baths. Prison officials obviously have some kind of knowledge that we need cleaning agents, sanitizers and disinfectants because they provide them for cleaning their work areas, our dayrooms and shower areas, and schedule crews of prisoners to do the work, without any pay or compensation, plus they give us about a teaspoon (or less) of "Bippy" (a scouring agent) about once every month on average, and as to hygiene needs, I have personally requested: shower shoes, deodorant soap, deodorant, mouth wash, toothpaste, tooth brush (with a handle), shampoo, conditioner, hair brush, daily disposable razor, and was informed by Warden Martin, in writing, "You are a prisoner and don't get squat!", In regards to dining hall and kitchen sanitation requirements, it is quite obvious that prison officials have knowledge as well, as they hang "fly trap" strips all over the dining hall, due to the fly, hence, disease problems, so that we are required to eat our meals with deadly poisons and dead flies hanging over our heads, contaminating the air and our food, while everyone is steadily shooing flies off their food, while eating.

"Prisoners must be provided with adequate ventilation. USCA Const. Amend. 8." - Boyd @ [23]

This clearly infers fresh, clean, disease free, toxic free ventilation. Toxicly poisoned ventilation is lethal and not adequate.

"8th Amendment deliberate indifference standard applies to prison conditions affecting fire safety..." - Id. @ [24]

"Prison officials must ensure that inmates receive adequate food. USCA Const. Amend. 8." - Id. @ [25]

If an indigent prisoner, such as this Plaintiff, is still hungry, nearly everyday, and deprived of serving myself in the dining hall and deprived of commissary food items, then the food provided is clearly inadequate, such is the case at every TDCJ and CCA unit and County Jail that this Plaintiff has ever been in. Food that sometimes spoiled, contaminated and/or cross contaminated by other foods while being prepared in a disease and fly infested environment, by diseased un-trained, uncertified persons, that is not FDA or USDA Grade A food and arbitrarily denied to prisoners daily, is not adequate.

"There is no dispute, for example, that kitchen sanitation must be maintained and that workers must observe personal hygiene, including the use of gloves and hair nets."
Johnson-El v. Schoemehl, 878 F.2d 1043, 1055 (8th Cir. 1989)

Kitchen workers in TDCJ are not required to wear gloves or hair nets and since we are all deprived of serving ourselves, all servers of foods and drinks, and preparers thereof, should clearly be required to wear masks over their nose and mouth, where these workers are always talking, coughing, sneezing, burping, etc. while serving and/or preparing food making it clearly impossible to not be contaminating the food before them and around them.

Some additional "basic human needs" of all indigent persons in prison are clearly : income ; access to food banks ; access to commissary, supermarkets, restaurants, hospitals, and all retail and wholesale stores ; Women, Infants and Children (WIC) programs for mothers and children ; Supplemental Nutrition Assistance Program(s) (SNAP) ; Food Stamps programs and/or Lone Star Card program ; Temporary Assistance for Needy Families (TANF) programs ; Medicaid ; Social Security and related services and programs ; access to and from and assistance to and from family and friends ; recreation, of choice ; employment, of choice ; transportation, of choice ; bank account, cash, checking account, debit card, credit cards, line of credit, and unlimited and unrestricted access thereto ; communications, U.S. Mail access, private courier access, telephone (personal land-line), cellular phone and service, personal computer with internet access, and unlimited and unrestricted access to and/or use there-of ; liberty, freedom of movement, freedom from any type of confinement or restriction in any way ; right to bear arms, fire-arms, knives, swords, machetes, tasers, pepper spray, for personal safety and security and/or self defense or hunting ; insurance, medical, dental, mental health, with access to doctors of choice, treatments of choice, eye care and eye wear of choice, with second or multiple opinions ; education of choice ; all of the provisions of the ADA, DOI, Federal, U.S. Const., TUDOHR, ICCPR, CATOCIDTP, Civil Rights Acts of 1871, 1964, et al, Civil Rights of Institutionalized Persons Act (CRIPA)

14

Rehabilitation Act, Case 1:24-cv-00492-LY Document Relief and Care of Animals and Hospitals; access to all Courts, attorneys and public officials of choice — and all provided, without any charge, by the gov't.

In TDCJ, Texas and all of the U.S., Plaintiff does not know of any jail, jail system, prison, prison system, Detention Center, lock-up, brig, stockade — state, Federal, military or private — that is designed, constructed, governed, regulated, operated or managed in a fashion or manner, known to Petitioner, that makes it possible to provide all of the basic human needs of all persons or prisoners, and, therefore, all such facilities and institutions should clearly be evacuated and condemned, as they cannot provide for all of the basic human needs of all persons and/or prisoners, including prison staff, and contemporary standards of decency of any person, amounting to perpetual deliberate indifference and cruel and unusual punishment.

Plaintiff moves for an appropriate ruling, accordingly.

Some additional basic human needs are: housing of choice with security system built to modern building codes with a kitchen with refrigerator, range, trooper and ice maker, sink with running hot and cold water, pots and pans and necessary cookware, cups, glasses, bowls, plates, eating utensils, including knives, spoons, and forks, with a living area with tv, radio, cable service, all necessary utilities, including electricity and water and phone service, a bathroom with a sink, working toilet, shower and/or bath area, with adjustable water flow rates, with a bedroom having a mattress, pillow(s), pillowcases and appropriate bed linens, night stand, appropriate lighting throughout housing, with a utility area with a washer/dryer, freezer, and dry food storage area, with locks on all doors to and inside housing; keys to all locks for housing, storage and/or transportation, work area or other necessary items; appropriate furniture for housing including dining table with chairs, sofa, love seat, sitting chairs, entertainment center; modern appliances like toaster oven, crockpot, electric skillet, electric griddle, blender, food processor, breadmaker, ice cream maker, tea maker, coffee maker, television, stereo with speakers; cooking utensils; barbeque pit with cooking utensils; outside security lighting for night time; identification, driver's license, passport, birth certificate, social security card; a full complement of seasonal clothing and work clothes; footwear for recreation, work, shower, and daily use; education assistance and opportunities; headwear of choice; access to and use of public transportation systems including taxicabs, bus stations, train stations and airports; hair care professionals; nail care professionals; automotive care professionals; plumbers; electricians; central air conditioning and heating in personal housing; air conditioning and heating professionals; lawn care tools and products; a front yard and backyard to personal housing; landscape and lawn care professionals; garbage pick-up and sewer service; recycled products pick-up service; newspaper delivery service; U.S. Mail box and personal, unique, living and mailing address(es); satellite and internet services; garage and/or carport area of personal housing for the protection of personal transportation; fenced in yards at personal housing; blind and drape closures on all doors and windows of personal housing for personal privacy; ability to make, enforce and comply with contracts of choice; access to all vending machines of choice and means to make purchases of choice; ability to make purchases of choice from sources of choice and means to pay for said purchases; food prepared and served by licensed, professional caterers; ability and means to prepare and eat our own food(s) and drink(s) of choice; ability and means to serve ourselves at every meal with snacks and/or drinks between meals and ability to consume them where ever we choose; religion of choice provided with place of worship of choice and religious rites and practices of choice; water heater and dishwasher in personal housing; place of personal privacy for dressing, bathing and other hygiene practices, within personal housing; place of personal privacy for sleeping, with security, within personal housing; ability to enter and exit personal housing at will and secure personal property therein while away, without any limitations, restrictions or curfews at any time nor for any reason; all personal hygiene products of choice and means to purchase them; all personal property of choice and means to purchase them; all hygiene products and personal property of choice without any limitation(s) or restriction(s) of any type; access to and use of all office supplies and equipment that the Attorney General has access to and use of and means to purchase them; access to and use of all records and laws that the Attorney General has access to and use of, free of charge;

access to counsel of choice and means to hire them and pay their fees; all postal services as well as ... Attorney General; — Petitioner does not even know that he could possibly state all of the basic human needs that everyone needs, however, all of the basic human needs listed herein are deprived of prisoners in the TDCJ without any due process at law, even though we are all clearly entitled to all of them for the sake of equal protection under the law as is provided by U.S. Const. Amend. 14 . Plaintiff moves for an appropriate ruling, accordingly.

7) <u>ADA Claim</u> - i) State prisoners can be qualified individuals entitled to protection under Rehabilitation Act and ADA, Yeskey v. Comm. of Pa. DOC, 118 S.Ct 1168 (5th Cir. 1997), and portions of the ADA specifically apply to institutionalized persons, Id. @ 174 (42 USC § 12101(a)(3)), clearly stating that all disabled persons are entitled to all of the "services, programs and activities" that the government has, Id. @ 170 (42 USC § 12132).

2) Prisoners in TDCJ are physically disabled by official TDCJ policy from a "payday" or "income", clearly a major life activity, denied access to our funds, arbitrarily, by official TDCJ policy, qualifying us for all of the services, programs and activities that the gov't. has, since TDCJ receives federal funding for prisoners. Bragdon v. Abbott, 118 S.Ct. 2196 @ (a) (1998) . "With regard to "direct threat" provision of the ADA, the existence of a significant health risk from treatment or accommodation of a disabled person must be determined from standpoint of the person who refused the treatment or accommodation", Id. @ (c), where the lives of all prisoners in TDCJ are in danger, daily, under official TDCJ policy, where official TDCJ policy authorizes TDCJ officials to murder prisoners for failure to move from their housing, as they did here at the Dalhart Unit on June 3rd, 2013.

3) In regard to providing the "services, programs and activities" for prisoners in the TDCJ, Title II further directs the Attorney General to promulgate regulations to effectuate the statute's purpose, 42 USC § 12134(a), Salinas v. City of New Braunfels, 557 F.Supp 2d 777 @ 780 (W.D. Tex. 2008), and U.S. Const. Art. VI, states, all the Judges in every State are bound thereby.

4) Additional "direct threats" to all prisoners in TDCJ are : deprived of health, mental health and dental care daily, while arbitrarily deprived of prescribed medications and treatments, with no access to any hospital, emergency room, VA clinic or healthcare insurance or doctors of choice, and no access to over-the-counter (otc) medications or other pharmaceuticals or any pharmacy, with no way to make any such purchases and no access to boiling water or ice for medical needs; forced to live in a hostile, abusive and violent environment, subject to racial and sexual discrimination daily, that is disease infested and forced to live in close quarters with diseased persons while being deprived of all basic human needs for good hygiene and arbitrarily confiscating personal property and hygiene products, without any due process of law; all under official TDCJ policy; deprived of modern housing accommodations with no hot water for preparing food or medical needs, no smoke alarms, smoke detectors, fire alarms, fire extinguishers or other firefighting equipment, with no way to evacuate housing in an emergency and no way to enter housing and secure self and property therein when needed, nor any communication system to hale for help, with no personal privacy for sleeping, bathing or hygiene practices or dressing, while be overcrowded and understaffed and no security provisions at all, without any due process of law; denied transportation for freedom of movement and/or evacuation, with no way to seek personal safety or a hospital in an emergency, without any due process of law; forced to eat inedible, spoiled food with little to no nutrition value, with no provision for daily allowances of vitamins and minerals essential to good health, with no access to any USDA or FDA Grade A foods or condiments of choice for food, and no fresh fruits, fresh vegetables or dairy products, and not permitted to eat foods of choice and/or serving sizes of choice (150 lb person gets the same as a 250 lb person), so only the smaller prisoners ever get full at any meal, with poor variety of food and mostly just heated or steamed foods, with an unreasonable amount of time to eat, with breakfast served at unreasonable hours, between 3 to 4 AM, all without any due process of law and under official TDCJ policy; and deprived of sleep and rest and recreation daily, causing insomnia, malnutrition, diabetes, fatigue, exhaustion and death, ; just to name a few, most likely I cannot name them all — all without any due process of law, nor serving any known security, penological or rehabilitative purpose.

5) Some "services, programs and activities" that the gov't. has that TDCJ prisoners are deprived of, are : income; housing built to modern codes and standards; a disease free environment to live and work in that is free from an open human sewage system, animal sewage, animal feed lots and slaughter houses; boiling water for medical needs and/or cooking; modern appliances for cooking and storing food e.g., oven, range, refrigerator, freezer, ice maker, blender, food processor, tea maker, coffee maker, etc.);

16

air conditioning and heating systems of choice; personal computer with internet access and apps and programs of choice; electronic filing to all Courts; telephone and cellular phone services; telephone directories; access and ability to call any Court, attorney or public official; U.S. Mail box; home address that is unique for U.S. Postal deliveries; freedom from arbitrary judgment, confinement and disabled freedom of movement; due process of law; self-determination; personal transportation of choice; personal housing of choice; choice of where to live and who to live with; comingling and cohabitating with members of opposite sex; free from daily racial and sexual discrimination; shopping at places of choice and purchasing property, needs and wants of choice, and means to pay for them, without any type of discrimination, limitation(s) or restriction(s); banking options and benefits for interest on money and loans of choice; access to, possession and use of cash, atm's, checkbooks, credit cards, debit cards and all other modern finances and financial transactions of choice, w/o any type of discrimination, limitation(s) or restriction(s); freedom from arbitrary confiscation of personal property and hygiene products and items, w/o due process of law; freedom from any deprivation or limitation of life, liberty, property, sovereignty, privacy, home, utilities, family, friends, correspondence, freedom of movement, recreation, choice of where to live or how to live, education, income or employment, w/o due process of law; right to vote; right to bear arms for personal security, self-defense, protection of family, life and property; social security; employment of choice; wages of choice; freedom from slavery without due process of law; ability and means evacuate from a hostile, abuse and violent environment and all natural disasters at will; reproducing, procreating, having and raising a family, marriage and raising and educating children; unlimited and unrestricted purchasing of food and all other property; all provisions of the <u>ADA</u>, <u>Rehabilitation Act</u>, <u>DOI</u>, <u>Tx. Const.</u>, <u>U.S. Const.</u>, <u>TDCJ-MR</u>, <u>ICC-PR</u>, <u>CATOI</u>, <u>DTP</u>, <u>CRIPA</u>, <u>Civil Rights Acts of 1871, 1964</u>, etal, <u>EEOC</u>, <u>Social Security Administration</u>, <u>food bank(s)</u>, <u>issue of commodities</u>, <u>SSI</u>, <u>Food Stamps</u>, <u>Lone Star Card</u>, <u>SNAP</u>, <u>WIC</u>, <u>TANF</u> and all other related services, programs and/or activities; ability and means to make unlimited commissary purchases of choice, at will, without authorization, discrimination, limitation or restriction of any kind, w/o due process of law; personal televisions, radios, and furniture in housing w/o any type of discrimination, limitation or restriction of any kind, w/o due process of law; ability to put blinds, drapes and/or closures over all doors and windows for personal privacy, and means to do so; ability and means to control lights, water flow rate and temperature on all sinks and showers in personal housing and all other utilities and/or appliances w/o any type of discrimination, limitation or restriction, w/o due process of law; not arbitrarily deprived of lights, water, functioning toilet and sewer system, electricity or any other utilities, services, programs or activities in personal housing w/o due process of law; not arbitrarily deprived, limited or restricted of any type of cleaning agents and/or supplies in personal housing w/o due process of law; free from being forced to eat spoiled, contaminated, inedible foods prepared in an unhealthy, disease infested, unsanitary environment under unsanitary conditions by diseased unsanitary persons w/o due process of law; paid vacations, rest, leisure, and recreation of choice w/o any type of limitations or requirements w/o due process of law; U.S. Postal Services of choice, access to and means to engage thereto, w/o any discrimination or limitation w/o due process of law; paid filing fees for all litigation, attorneys of choice and means to pay their wages, in all legal matters, w/o any type of discrimination or limitation, w/o due process of law; unlimited access to courts and records, means to pay for needs, w/o any type of discrimination, w/o due process of law; unlimited and/or unrestricted use of a working toilet, restroom or water closet of choice and toilet paper, w/o any type of discrimination, w/o due process of law; not deprived of correspondence of any kind, to or from any person or entity, w/o any type of discrimination or limitation or interference, w/o due process of law; employment benefits; not arbitrarily locked in housing for any reason, w/o due process of law; personal housing not contrary to modern building codes or with permanent obstructions in the doors or windows or doorways disabling emergency escape or access, w/o due process; not deprived of locking personal housing from the inside for personal security and locks easily accessible for all sizes of persons, not just tall people, w/o due process of law; not subjected to having entry and exit of housing and all utilities therein controlled remotely by any other person /equipment or entity, w/o due process of law; comfortable mattress and pillows to sleep on, personal privacy with peace and quiet to sleep in, w/o any discrimination or limitation, w/o due process of law; not forced to sleep in front of any window, w/o due process of law; not deprived of obstructing doors or windows for personal privacy, w/o due process;

not forced to sleep in a bed that is accessible or is less accessible; bunk off from the floor or ground % having to climb to get in the bunk; personal clothing of choice and personal size to fit issued or bought brand new; headwear and footwear of personal choice and size, name brand and brand new; no limitation on amount of clothes to own, possess or purchase nor any limitation on where to purchase them and means to do so; eye care and eye wear of choice; dentist and dental care of choice; access to washers and dryers for laundering personal clothing, towels and linens; laundry detergent of choice; office supplies and equipment of choice; equal pay for equal work; worker's compensation and all other disability benefits; convalescence pay; handicap ramps, railings, entries and exits to and from buildings and personal housing; fire exits from buildings and personal housing; handicap toilets, sinks, showers, and doors in all buildings and personal housing; unlimited communication and correspondence; personal telephone (land line), internet, cable, satellite and fiber optics connections and systems in personal housing; freedom of information act (foia) records access in TDCJ and Courts % charge; electronic filing and communication to all Courts, merchants and other entities and persons; grooming habits and standards of choice % access to hair and nail care professionals of choice; publications of choice; subscriptions of choice to newspapers, magazines and all other publications of choice, and means to pay for them; diet(s) of choice; religion of choice with choice of who to congregate with, where to congregate, and religious rites and practices of choice; freedom from arbitrary searches and seizures; freedom from random or scheduled searches and seizures of any type; freedom from pat, strip, property and housing searches, arbitrarily, % due process of law; freedom from arbitrary deprivation of counsel; freedom from deprivation of sleep by day and night, arbitrarily; freedom from arbitrary deprivation of food, meals and drinks of choice; freedom from any type of restrictions on where and when and what to eat, at any time or at any place; not deprived of visiting or dining with family or friends at any time % any type of limitation or restriction; no restrictions on visitors or visitation in any way or at any time; no $100 healthcare copay fee — just to name a few, not meant to be an exhausted list (most likely Plaintiff can not list them all), and all under official TDCJ policy and all without due process of law, nor known to serve any penological or rehabilitative purpose.

b) TDCJ §501.063 requires offenders to pay a $100 copay fee annually for healthcare. Besides this clearly being a bill of attainder that targets only TDCJ offenders and is proscribed by Tx.Const. Art. I §16 and U.S. Const. Art. I §39,10, applicable to TDCJ offenders through the ADA and U.S. Const. Art. VI, where all Judges in every state are bound thereby.

Plaintiff specifically dissents to this contract, where the power of the people is greater than the power of the gov't., U.S. Const. Amend. 9, and Plaintiff has individual personal sovereignty, U.S. Const. Amend. 10, which Plaintiff may exercise to protect his liberty, Bond, and made applicable to Petitioner through the ADA and U.S. Const. Art. VI, where all the Judges in every state are bound thereby and the Attorney General shall make regulations to effectuate this, ADA, and moves to abolish this statute, TDCJ §501.063, along with TDCJ.bp.4917 & 511, which Plaintiff has also already specifically dissented to, and all other related laws and contracts. There is no constitutional provision for any such type of statutes or contracts and they are all clearly contrary to U.S. Supreme Court doctrine, U.S. constitutional law and U.S. treaties.

1) The human rights in TUDOHR are also "services, programs and activities" covered by the ADA, applicable to all Americans, since the United States ratified this treaty in 1948, through U.S.Const. Art. VI, where all Judges in every state are bound thereby.

Under this treaty prisoners in TDCJ are deprived of our inalienable rights, without due process, to: life, liberty, property, security, person and property; be free from slavery and servitude % pay or benefits; be free from torture, cruel, inhuman or degrading treatment or punishment; equal protection of the law; be free from discrimination, racial and sexual; be free from arbitrary arrest, detention or exile; fair and public hearings by impartial tribunals; be free from penal offenses that are not penal offenses under national or international law; be free from arbitrary interference with our privacy, family, home or correspondence and attacks upon our honor and reputation; freedom of movement and residence within the border of the state and transportation for such movement; to leave any country, including our own, and return to our country and transportation for such travels; seek asylum in other countries; be a nationality of choice and change our nationality; have men and women of full age to marry, found a family, and live together with our children, % any discrimination; own property of our own and in association with others, % arbitrary deprivation of our property for any reason % any discrimination; freedom of thought, conscience and religion, % interference and to seek, receive and impart infor-

18

mation and ideas through any media and regardless of frontiers; peaceful assembly; be free from forced association; take part in gov't. of our own country; equal access to public service; the will of the people; vote; social security and realization of the economic, social and cultural rights indespensable for our dignity and the free development of our personality; work, free choice of employment, and equal pay for equal work; just and favorable remuneration ensuring for ourselves and families an existence worthy of human dignity, and supplemented by other means of social protection, if necessary; form and/or join trade unions to protect our interests; rest and leisure, including reasonable limitation of working hours and periodic holidays w/pay; a standard of living adequate for the health and welfare of ourselves and families, including food, clothing, housing and medical care and necessary social services and the right to security in the event of unemployment, sickness, disability, widowhood, old age or other lack of livelihood in circumstances beyond our control; special care and assistance for childhood and Motherhood; education opportunities of our choice w/o any discrimination; parents choosing the education for their children; freely participate in the cultural life of the community, enjoy the arts and share in scientific, literary or artistic production of which we author; a social and international order in which the rights and freedoms set forth in TUDOHR can be fully realized; duties to the community to the free and full development of our personality. See ADA; DOJ; U.S. Const. Act. VI; TUDOHR Acts. 1 thru 29.

"Nothing in this Declaration may be interpreted as implying for any State, group or person any right to engage in any activity or to perform any act aimed at the destruction of any of the rights and freedoms set forth herein."

TUDOHR Art. 30

8) Prisoners in TDCS are also deprived of our inalienable rights that are provided by the: Tx. Const.; U.S. Const.; ICCPR; CATOC; IDTP, et al - including but not limited to: be free from unreasonable search and seizure; bearing of arms; life, liberty, property, pursuit of happiness; religious freedom; freedom of speech; counsel; due process of law; equal protection under the law; fundamental fairness doctrine; vote; freedom from slavery; individual personal sovereignty; self-determination; - possibly others unknown to Plaintiff due to no access to courts - all w/o due process of law - w/o any type of discrimination, made applicable through the ADA, DOJ and U.S. Const. Act. VI, where all the Judges in every State are bound thereby.

9) Other "services, programs and activities" that the gov't has that prisoners in TDCS do not, is: access to the dining hall at will or when hungry; Texas (or other) driver's license; driving jobs; jobs of choice; income of any type; identification of person, arbitrarily deprived of or confiscated; social security card; passport; access to bus or train stations for transportation, at will; access to airports for transportation and travel - all w/o due process of law - and many many more too numerous to list.

10) Plaintiff also moves for this Honorable Court to "liberally construe" his pleadings, as he is not an attorney, as he is entitled to under stare decisis, Estelle v. Gamble, 97 S. Ct. 285 @ 292 + [13], in doing so, for example: Plaintiff's right to freedom of movement, TUDOHR Art. 13, clearly infers the freedom to move at will, by means of choice, by, when, where or how, w/o instruction, interference or direction, including entry and exit of personal housing, (in TDC our movement is severely restricted, with no entry or exit of personal housing by choice, always controlled, remotely and/or by prison officials, and we are instructed where, when and how to walk, w/o due process of law, all clearly violating this right), within this right is clearly the inference of transportation required to travel, provided by the gov't, w/o charge or making payments or taking of any other "service, program or activity" provided and/or entitled to, as a disabled American, under the provisions of the ADA; Plaintiff's "right to life, liberty and security of person", TUDOHR Art. 3, clearly infers the right to be free (liberty) w/o exception, the right to bear arms for security of person, the right to be provided a securable dwelling in which to be safe and secure and to secure personal property therein, provided by the gov't, built to modern building codes with all necessary utilities, appliances, furnishings, modern means of communications and all other necessary items to sustain contemporary standards of decency and dignity, w/o cost or charge to the disabled American or the taking of any other service, program or activity entitled and not to be interfered with or deprived of w/o due process of law; Plaintiff's "right to own property," TUDOHR Art. 17, clearly infers the right to own the property of choice or choosing, whether real estate or other tangible property including transportation, clothing, sports gear, tools, cellphones, radios, tvs, computers or other modern equipment appliances, furniture or items, or intangible property like funds for realty, credit, debit and/or credit cards of choice,

all provided by the govt. "Case 1:14-cv-00493-LY Document 8 Filed 06/17/14 Page 20 of 43 interfered with nor deprived of in any way "/o due process of law; Plaintiffs "right to work, to free choice of employment", TUDOHR Art. 23, clearly infers the right to all the "tools of the trade" for career of choice including special gear or clothing provisions necessary to sustain employment or special type of transportation like ambulance, fire truck, tow truck, car hauler, bucket truck, tractor, tractor-trailer rig, motor vessel or other means for chosen career, all provided by the govt, "/o any charge or taking of any other "service, program or activity entitled to; Keys for all those mentioned vehicles and dwellings for type of business chosen, "/o any type of interference or deprivation, "/o due process of law; Plaintiffs "right to rest and leisure", TUDOHR Art. 24, clearly infers undisturbed rest and/or sleep, by any person, recreation of choice when, where and how and how long, "/o any type of interference and/or deprivation "/o due process of law, and necessary gear, clothing, equipment and any other item(s) necessary to engage there to and/or means to enable recreation of choice and to ensure the proper, safe and thorough enjoyment thereof, all provided by the govt. "/o any charge or sacrificing any other "service, program or activity" entitled to; Plaintiffs "right to a standard of living adequate for the health and well-being of himself and of his family, including food, clothing, housing and medical care and necessary social services,...; TUDOHR Art. 25, clearly infers the right to food(s) and/or meal(s) of choice to eat how, where and when chosen, "/o any restriction or limitation, and the right to serve myself, the right to all clothing, headwear and footwear of choice to wear when, where and how chosen and washer and dryer to launder them, "/o any restriction or limitation, the right of housing of choice, "/o being billed for any utilities necessary to sustain an adequate standard of living for ourselves and our families, "/o no property taxes to be concerned with nor any restriction or limitation on any utilities needed, "/o any chance or possibility of eviction or forced to move at any time or for any reason, and the right to medical insurance, including mental health, dental and eye care, with doctors of choice and opportunity to seek second or multiple medical opinions, with medications and treatments of choice, whether prescribed or not prescribed, with no chance of imprisonment or detainment in any way for any drugs, medications or treatments of choice, all paid for by the govt, "/o any type of limitation(s) or restriction(s) or any charge or fee at all or sacrificing any other "service, program or activity" entitled to, "/o due process of law; Plaintiffs "right to freedom of religion, TUDOHR Art. 18, et al, clearly infers the right to eat a "Kosher" diet and/or foods or meals, which eliminates pork from my diet (in TDCJ when pork is on the menu, all those of us that comply with a Kosher diet are discriminated against in that we are not provided another type of meat, or substitute meat, but a meat substitute of, normally, peanut butter and jelly mixed, and sometimes "/o no bread to put it on) or any other diet of choice for religious purposes, also within this right is the right to be segregated in or among a community of persons with the same or similar religious beliefs, (in TDCJ we are deprived of our right to be properly segregated with persons of the same religious beliefs and/or practices), and the right to all other religious rites, services and/or practices of choice, with the right to congregate where, when and how chosen, all provided by the govt., "/o sacrificing any other "service, program or activity" entitled to, "/o any charge or fee, "/o due process of law; Plaintiffs "right to education", TUDOHR Art. 26, clearly infers and manifests the understanding that I am entitled to the education of my own choosing, in or at the place, school, college or university of my choosing, provided by the govt "/o charge or fee, "/o any limitation or restriction of any kind, "/o due process of law and "/o sacrificing any other "service, program or activity" entitled to — all of which is to be provided to all disabled Americans "/o any type of discrimination, interference, limitation or restriction, through regulations promulgated by the Attorney General, ADA, and all the Judges in every State are bound thereby, U.S. Const VI, and not to be interfered with or deprived "/o due process of law, U.S. Const. Amends. 5, 14.

11) It is also evident and apparent that all of these constitutional principles and provisions clearly include and/or apply to all aliens, legal or illegal, as well, clearly making the deportation of any person for any reason, unconstitutional.

"Even if regarded as aliens, they are entitled under the principles of the Constitution to be protected in life, liberty, and property. This has been frequently held by this Court in respect to the Chinese, even when aliens, not possessed of the political rights of citizens of the United States, .... We do not desire, however, to anticipate the difficulties which would naturally arise in this connection, but merely to disclaim any intention to hold that the inhabitants

of these territories are subject to none but the moral restraints of others to govern them upon the theory that they have no rights which it is bound to respect.

"Large powers must necessarily be entrusted to Congress in dealing with these problems, and we are bound to assume that they will be judiciously exercised."

<u>Downes v. Bidwell, 182 U.S. 244 @ 283 (1901)</u>

Though it is apparent that "assume" had a different meaning in the U.S. Supreme Court in 1901 than it does today in the U.S. society, thank GOD for that, clearly some of the large powers vested in Congress are manifested in the <u>ADA</u> and are heretofore to be judiciously exercised by this Honorable Court for the sake of all aliens in the U.S., in this present case, as there are many aliens in TOCJ and they are all clearly entitled to all of the provisions for all of the "services, programs and activities that the gov't. has, % any discrimination, interference or limitation, % due process of law. Plaintiff so moves.

See <u>ADA, U.S. Const. Art. VI, U.S. Amends 5, 14,</u> and <u>Downes.</u> Also entitled to equal protection of the law. <u>U.S. Const. Amend 14.</u>

12) <u>TUDOHR Art. 1</u> clearly infers that all human beings have the right to reproduce, or procreate, naturally, since this is the only natural means by which any human being can possibly be born and thereby clearly indicating that once a human female egg is fertilized with a male sperm, the birth of another human being is imminent, at about "T" minus 270 days or so, and at that instance in time these human rights are invoked, as "All human beings are born free and equal in dignity and rights". <u>Id.,</u> and any abortion or similar procedure to terminate or interfere with the natural life process, % due process of law, is clearly unconstitutional, as it deprives a human being of their inalienable rights.

13) <u>TUDOHR Art. 2</u> is pretty self-explanatory, no discrimination of any type is acceptable and all of <u>TUDOHR</u> is clearly applicable to all prisoners in TOCJ and they are all clearly inalienable rights, <u>ADA, DOE, U.S. Const. Art. VI,</u> which may not be interfered with or deprived % due process of law. Prisoners in TOCJ are discriminated against religiously, sexually, racially, deprived of equal protection of the law and due process of law every single day. Plaintiff moves for an appropriate ruling.

14) <u>TUDOHR Art. 3</u> clearly infers that no person is to be kept in bonds or restraints at any time (we born free, <u>TUDOHR Art. 1,</u> which also clearly infers the right to remain free for life, when combined w/ <u>TUDOHR Art. 3</u>) or for any reason, as to do so would clearly violate our inalienable rights to liberty, life and security of person, only each individual (such one of us) can provide these inalienable rights for ourselves, no other person, persons or entity can provide them for us. Prisoners in TOCJ have lost our inalienable rights to life, liberty and security of person, % any due process of law, and TOCJ cannot provide any of these inalienable rights, only we can, for ourselves. Plaintiff moves for the immediate release of all prisoners from TOCJ, accordingly.

15) <u>TUDOHR Art. 4</u> clearly infers that we have an inalienable right to be free from any form of slavery, TOCJ is a debtors prison system and a slave labor prison system, where prisoners receive no type of compensation for our mandatory performance of labor and our release from TOCJ is discretionary, regardless of the sentence being completed, we are deprived of the time credits toward our sentences that we are entitled to and we have no right to release at any time, % any due process of law.

TOCJ should clearly be evacuated, condemned and abolished, accordingly. Plaintiff so moves.

16) <u>TUDOHR Art. 5</u> clearly infers that we have an inalienable right to be free from torture, inhuman or degrading treatment or punishment, much of this type of conduct has already been revealed in Plaintiff's "Deliberate Indifference claim #8" which continues to go on daily in TOCJ % any due process of law. Plaintiff moves for an appropriate ruling, accordingly.

17) <u>TUDOHR Art. 6</u> clearly infers that we all have an inalienable right to be recognized everywhere as a person before the law. Not so in TOCJ, our sentences are compounded with additional punishment and sentences everyday in TOCJ % any due process of law and no access to any constitutional tribunal. Plaintiff moves for an appropriate ruling, accordingly.

18) <u>TUDOHR Art. 7</u> clearly infers that we have an inalienable right to be equal before the law, entitled to due process of law and equal protection of the law % any discrimination in violation of TUDOHR and against any incitement to such discrimination. Not so in TOCJ, we are deprived of equal protection of the law and due process of law daily, while being judged and punished further daily under official TOCJ policy. Prisoners in TOCJ have no equality before the law or any tribunal. Plaintiff moves for an appropriate ruling.

19) <u>TUDOHR Art. 8</u> clearly infers that we have an inalienable right to an effective remedy before the law. Not so in TOCJ,

21

if we had effective remedies, Plaintiff would not be filing this petition. Plaintiff moves for an appropriate ruling accordingly.

20) TUDOHR Art. 9 clearly infers that we all have an inalienable right to be free from arbitrary arrest, detention or exile. Every single person in TDCJ has been arbitrarily arrested and detained and many held for exile (deportation), w/o any due process of law and w/o being informed of our inalienable right to exercise our personal, individual sovereignty that we may exercise to protect our liberty. Bond.

Plaintiff moves for the immediate release of all prisoners in TDCJ and the State of Texas, accordingly.

21) TUDOHR Art. 10 clearly infers that we have an inalienable right in full equality to a fair and public hearing by an independent and impartial tribunal. All prisoners in TDCJ have been deprived of a fair and public hearing by an independent and impartial tribunal, without any equality before the law, where, in most cases, we were represented by an employee of the gov't. and all of us were prosecuted, tried and sentenced by employees of the gov't, and even the jurors received gov't. compensation making them employees of the gov't as well, clearly making the entire system fundamentally unfair, violating prisoners inalienable rights to due process of law and equal protection of the law. All prisoners in the TDCJ and State of Texas are entitled to an immediate release and exoneration, accordingly.

Plaintiff moves for an appropriate ruling, accordingly.

22) TUDOHR Art. 11 clearly infers that we have inalienable rights to all the guarantees necessary for our defense and to not be held guilty for any offense that is not an offense under national or international law nor have heavier penalties imposed beyond our trials. All prisoners in TDCJ have been deprived of our inalienable rights to all the guarantees necessary for our defense, like our inalienable rights to: access to courts; an investigator for a proper investigation and compulsory process to produce witnesses for our defense; counsel of our choice and means to pay them; equal protection of the law; due process of law; impartial tribunal; impartial jury, et al, and many of us, including Plaintiff, have been held guilty for offenses that are not penal offenses under national or international law (e.g. DWI in Petitioner's case) and have had heavier penalties imposed, by Court Order, than the penalty when the alleged offense was committed (e.g. misdemeanor DWI enhanced to a felony, in Plaintiff's case) and additional penalties compounded on top of that while in prison w/o any equal protection of the law, due process of law, impartial jury or tribunal. Plaintiff moves for an appropriate ruling accordingly.

23) TUDOHR Art. 12 clearly infers that we have    inalienable rights to be free from interference with our privacy, family, home or any type of correspondence and attacks upon our honor and reputation and a right to the protection of the law against such interference or attacks. In TDCJ we have none of this, daily we are deprived of personal privacy, family, our home and correspondence by mail, phone, computers, in nearly every way that TDCJ and the State of Texas can and daily forcibly subjected to attacks upon our honor and reputation under official TDCJ trained conduct and policy while deprived of our inalienable right to the protection of the law, against such interference and attacks, with no recourse at all for arbitrary pat, strip, housing and/or property searches and seizures, with nowhere to dress, undress, sleep, bathe or use a toilet in any privacy. This statute clearly infers, by direct reference, that we are all entitled to unlimited supplies for correspondence, correspondence of choice, including lined paper, pens, pencils, envelopes of size and choice, stamps and/or postage and all other supplies and/or services for means of correspondence of choice, whether by telephone, cellular phone, U.S. Mail, internet, e-mail, private courier service(s) and/or any and all other means of correspondence of choice, provided by the gov't., free of charge, w/o discrimination, w/o due process of law. All prisoners in TDCJ are deprived of our inalienable right to privacy, daily, with assigned housing, while this statute clearly infers that everyone is entitled to live around their family, if they so choose, and entitled to the home and location of personal choice, provided by the gov't, free of charge. In TDCJ we are deprived of sexual segregation and sexual desegregation, forced to live in a homosexual environment and obviously governed by homosexuals, all of which creates discrimination and a hostile, abusive and violent environment with the creation of contagious diseases and poor hygiene practices. Plaintiff moves for an appropriate ruling, accordingly.

24) TUDOHR Art. 13 clearly infers that we all have an inalienable right to freedom of movement, to go when, where and how we choose by means of choice. Prisoners in TDCJ are physically disabled from any freedom of movement, with no driver's license or passport and compounded limitations and restrictions on all movement, with assigned housing and forced to move when, where and how TDCJ chooses to move us, and required to be in our assigned housing by TDCJ direction and locked in with no provision to escape in any emergency or emergency need and prevented from exiting our housing before 2AM on any day with breakfast and laundry exchange at 3AM to 4AM weekdays and told where, when and how to walk at all times, with no movement w/o prior authorization. Plaintiff moves for an appropriate ruling.

22

25) <u>TUDOHR Art. 14</u> clearly infers that we all have the inalienable right to seek and enjoy asylum from persecution in other countries. Prisoners in TDCJ are deprived of our inalienable right to seek and enjoy asylum from persecution in other countries, with no access at all to any foreign embassy and correspondence thereto denied by TDCJ staff, while being forcibly subjected to daily harassment and persecution even throughout the night, w/no peaceful time for sleep, harassed at every single meal and all day long everyday. Plaintiff moves for an appropriate ruling, accordingly.

26) <u>TUDOHR Art. 15</u> clearly infers that we all have an inalienable right to a nationality and right to change our nationality. All prisoners in TDCJ are physically deprived of our inalienable right change our nationality or the nationality of our choice, w/no means to do any research on other nationalities that we may choose, while there are many aliens in TDCJ that desire U.S. citizenship, although I can't imagine why, and are physically deprived of U.S. citizenship while held for deportation. Plaintiff moves for an appropriate ruling, accordingly.

27) <u>TUDOHR Art. 16</u> clearly infers that we all have the inalienable rights to marry and found a family, when, where and how and with whom we choose, w/o any discrimination, and our family is entitled to protection by society and the State. Prisoners in TDCJ are physically disabled from our inalienable rights to marry, even marriage by proxy, and to found a family, with no protection at all for any of our families by society and the State. We are forced to sexual discrimination daily with no opportunity to date, comingle or cohabitat w/any members of the opposite sex, depriving us of our inalienable right to reproduce, while providing abortions to women that choose them, physically disabling a family through consent of society and the State, and society and the State authorize the breaking up of families to physically imprison family members arbitrarily w/o any equal protection of the law or due process of law, while the state clearly encourages divorces and breaking up families for commerce, monetary gains through child support fees fines and court costs. Plaintiff moves to abolish all laws that permit and/or authorize abortions and/or child support and further appropriate rulings, accordingly.

28) <u>TUDOHR Art. 19</u> clearly infers that we all have the inalienable right to freedom of opinion and expression, including the right to have and hold our own personal opinion w/o any interference and the right to seek, receive and impart information and ideas through any media regardless of frontiers. All prisoners in TDCJ are deprived of all of these inalienable rights while arbitrarily depriving us of our inalienable rights to media, radio and tv stations, newspaper, magazines, telephone calls and cellular phone calls in and out of prison, with no computer or internet access to enable research, searches, electronic filings to Courts, e-mails, hand signals, smoke signals, light signals, day shapes, and all other means of modern communications, while being arbitrarily punished for freedom of speech, opinion and expression and being arbitrarily deprived of libraries and complete law libraries—all w/o any due process of law. Plaintiff moves for an appropriate ruling.

29) <u>TUDOHR Art. 20</u> clearly infers that we all have the inalienable right to peaceful assembly and association and not compelled to belong to any association. All prisoners in TDCJ are deprived of our inalienable rights to peaceful assembly and association and punished and/or discriminated against for such conduct, while all members of any and/or all "brotherhoods" are deliberately separated and/or classified as gang members and/or security threat groups (STGs), while all Christian religions are subject to pat and strip searches at, before and after their services and Muslims are not, and certain races are discriminated against, like here at the Dalhart Unit all Jewish persons are deprived of housing together and most Caucasians, while African Americans and Mexicans are able to get housed together upon request, clearly creating a hostile, abuse and violent environment with deliberate indifference and clearly amounting to racial discrimination, w/o due process of law. Plaintiff moves for an appropriate ruling, accordingly.

30) <u>TUDOHR Art. 21</u> clearly infers that we all have the inalienable rights to take part in gov't, to equal access to public service, and that the will of the people shall be the basis of gov't, which shall be expressed through voting and elections. All prisoners in TDCJ are physically disabled from our inalienable rights to take part in gov't, to chose representatives, as we have no representatives at all to represent us in any gov't, and to vote, participate in voting or any election, by official TDCJ policy and w/o any due process of law. Plaintiff moves for an appropriate ruling, accordingly.

31) <u>TUDOHR Art. 22</u> clearly infers that we all have inalienable rights to social security and the economic, social and cultural rights indispensable for our dignity and the free development of our personality. Prisoners in TDCJ are not even classified nor treated as members of society, just as the Nazis of the 1930's and 1940's did not classify any prisoners as humans, neither does the State of Texas or the U.S. classify or treat prisoners as humans, Texas and the U.S. are just a little more subtle about the way they intend

to murder all of us, eventually, through daily deprivation of sleep, nutrition and food, water, shelter, clothing and medical care. We are deprived of our inalienable rights to social security, and any and all national effort and international cooperation to receive any of the benefits of the State's resources, and of any and all economic, social and cultural rights for any amount of dignity or the free development of our personalities, with no education system at all for any such developments, and all % any due process of law.

Why the State and Federal courts do not just authorize all law enforcement agencies and officers to just murder us all on sight instead of arrest any of us, which would be more humane and save a lot of money, appears to be for the sole purpose of experimentation and mass extermination, just like the Nazis of 70 to 80 years ago, there seems to be a genuine common link between the two societies that is so great and obvious that the U.S. must have given all the Nazis of that era free passage into the U.S. to allow their descendents to govern Texas and the creators of TDC and TDCJ must have made very extensive and thorough notes on the concentration camps of decades ago, along with personal experience and knowledge, and managed to redo them in a manner to make them more socially acceptable to today's Nazi American Gov't. and societies. Plaintiff moves for an appropriate ruling.

32) TUDOHR Art. 27 clearly infers that we all have the inalienable rights to freely participate in the cultural life of the community, to enjoy the arts and to share in scientific advancements and it's benefits, and the right to the protection of the moral and material interests resulting from any scientific, literary or artistic production of which we may author. All prisoners in TDCJ are deprived of our inalienable rights to: freely participate in the cultural life of the community; enjoy any arts; share in any scientific advancements and it's benefits; the protection of the moral and material interests resulting from any scientific, literary or artistic production of which we may author—in every way possible, and % any due process of law. Plaintiff moves for an appropriate ruling.

33) TUDOHR Art. 28 clearly infers that we all have the inalienable rights to a social and international order in which the rights and freedoms set forth in TUDOHR can be fully realized. All prisoners in the TDCJ are deprived of our inalienable rights to a social and international order in which the rights and freedoms in TUDOHR can be fully realized, as already claimed herein, including but not limited to all the claims herein, % any due process of law. Plaintiff moves for an appropriate ruling, accordingly.

34) TUDOHR Art. 29 clearly infers that we all have inalienable rights to duties to the community. All prisoners in TDCJ have been deprived of our inalienable rights to duties to the community, physically and through official TDCJ policy, % any due process of law at all. Plaintiff moves for an appropriate ruling, accordingly.

35) Plaintiff's inalienable right to access to courts clearly infers that all access to courts provisions, including; all "tools of the trade" that the Attorney General has; all federal, state, prison and Court records requested; all office supplies requested; all postage and postal supplies requested; a complete, functioning, computerized law library % access to all the laws that the Attorney General has access to; and an appropriate, quiet environment to prepare all legal papers—is to be made available to Petitioner at all times, 24 hours a day, 7 days a week, including all weekends and holidays and Holy Days, % legal assistants available at all times, % any type of discrimination, limitation and/or restrictions of any kind, % any need for any authorization, permission or "by-in", % due process of law. ADA, DOI, U.S. Const. Art. IX, U.S. Const. Amends. 1, 5, 6, 14, and Bounds. Plaintiff so moves accordingly.

36) Plaintiff's inalienable right to housing clearly infers personal housing of choice, % any type of discrimination, limitation or restrictions; with a personal, unique, mailing address, built to modern codes, with access to enter, exit and/or secure with a security system at all times, % any kind of disturbance(s) for any reason other than an emergency evacuation, at any time, with provisions for personal, undisturbed, privacy, sleep, dressing, undressing, resting, bathing and use of toilet at all times, % all necessary utilities, appliances, furniture and all other necessary modern furnishings and/or services, with unlimited and unsolicited correspondence provisions for personal and legal needs, at all times, % any charge, all provided by the gov't., and not to be interfered with nor deprived of in any way % due process of law. ADA, DOT, U.S. Const. Arts., U.S. Const. Amends. 1, 5, 14, and TUDOHR Arts. 12, 13, 17. Plaintiff moves accordingly.

37) TDCJ packs over 100 persons into a dayroom designed for 43 (there are only 43 cells to swing) while housing 2 prisoners in a cell designed for only (4) forty (1 desk and 1 stool), amounting to severe overcrowding conditions (nearly 1400 prisoners at a unit designed for less than 500, here at the Galhart Unit) while demanding that all prisoners have a seat and forbidding any prisoners to sit on the floor, there is just not enough seats for everyone, forcibly creating a hostile, abusive and violent environment, telling us how to dress and what to wear, at all times,

while not providing any seed...while depriving us... ...safety, housing and property at all times, and depriving us of our inalienable rights to liberty, privacy and bearing arms at all times, w/o any due process of law. ADA; DOT; U.S. Const. Art. VI; U.S. Amends. 2, 5, 14; and TUDOHR Arts. 3, 9, 12, et al, Plaintiff moves for an appropriate ruling accordingly.

38) TDCJ prison officials, under official TDCJ policy, arbitrarily deprive all prisoners of 3 hot meals a day, sometimes for a week or longer at a time (at least twice a year), while providing us uncooked (raw) food, sometimes actually refrigerated, always stale, packaged in non-food grade packaging, made under unsanitary conditions while always being contaminated, and always deprived of 3 hot wholesome, nutritious meals daily, served at reasonable times of the day, with a reasonable amount of time to eat the meals, while always harassing us and maintaining an unhealthy, disease infested environment to eat in with food prepared by unhealthy, untrained, uncertified, diseased persons, and arbitrarily depriving us of food, access to dining halls and commissary and all other sources of food (e.g. fast food restaurants, restaurants, grocery stores, super markets, order out, carry out, and delivery food stuffs and meals) which clearly interferes with prisoners inalienable right to food. ADA; DOT; U.S. Const. Art. VI; and TUDOHR Art. 25. And w/o any due process of law. U.S. Const. Amends. 5, 14. Plaintiff so moves.

39) In TDCJ, meals served in the dining halls, prisoners are deprived of common seasonings like salt, pepper, garlic powder, onion powder, onion flakes, cayenne pepper, chili powder and common condiments like sugar, peanut butter, jelly, soft butter, cheese, honey, mayonnaise, mustard, ketchup, dill and sweet relish, pickles, chopped onions, jalapenos, pecante sauce, horse radish, soy sauce, teriyaki sauce, et al, and all dairy products like cottage cheese, sliced cheese (e.g., American, cheddar, Swiss, Jalapeno, etc.), cream cheeses (e.g., Philadelphia, Velveeta, etc.), cow's milk, goat's milk, soy milk, and fresh salads with assorted salad dressings (e.g., Italian, Roquefort, Catalina, French, Thousand Island, Ranch, Olive Oil, etc.) and choice of bread like white, wheat, whole wheat, rye, oat, potato bread, pumpernickel, Roman Meal, Homemade, et al, with butter, and type of bread for occasion like hamburger buns (white, wheat, sesame seeds, etc.), hot dog buns (for links and sausage also), biscuits (Bowflex, butter milk, flaky, Hungry Jack, etc.) and choice of drinks like water, tea, coffee, milk, soy milk, sodas (e.g., Coke, Dr. Pepper, Big Red, Mountain Dew, Sprite, Pepsi, 7UP, Cherry Coke, Cherry Pepsi, Vanilla Pepsi, Vanilla Dr. Pepper, Vanilla Big Red, Sarsaparilla, Root Beer, Cream Soda, et al) and all alcoholic beverages (e.g., liquors, beers, wines, etc.), all of which also amounts to depriving prisoners of their inalienable rights to food. And depriving prisoners of any and all means to prepare any food(s) and/or meal(s) for ourselves, like a range (stove top 4 burners), oven, oven toaster, toaster, refrigerator, blender, food processor, coffee pot, tea maker, rice cooker, crock pot, freezer, ice maker, ice crusher, ice cream maker, spoons, forks, knives (e.g., paring, steak, butcher, cleaver, bread, et al), plates, bowls, cups, glasses, griddle, electric griddle, skillet(s), electric skillet, pots, pans, dutch oven, barbeque pit (utensils and supplies (e.g. charcoal, starter fluid, matches, lighter, hickory chips, mesquite chips, pecan tree chips, peach tree chips, etc.), pressure cooker, etc. — with no access to any fresh meats (e.g., steaks, chops, roasts, T-Bones, Porterhouse, ribeyes, sirloin, chuck roast, rump roast, goat, lamb, brisket, hamburger, sausage(s), etc.) nor any kind of fresh fish (e.g., Tilapia, Bass, Trout, Grouper, Salmon, etc.), nor any kind of fresh vegetables (e.g., potatoes, tomatoes, cucumbers, onions, corn, squash, egg plant, carrots, peas, beans, rice, pinto beans, kidney beans, et al), nor any kind of fresh fruits (e.g., apples, oranges, mandarin oranges, bananas, strawberries, blueberries, peaches, raspberries, blackberries, persimmons, kiwis, grapes, red grapes, grape fruit, pink grape fruit, etc.), nor access to any type of canned goods (e.g., any of the store mentioned beans, fruits, or vegetables, tuna fish, corned beef, chili, chili beans, etc.), nor any access to dry goods (e.g., rice, flour, wheat flour, sugar, pinto beans, kidney beans, etc.) — in order to prepare our own meals, which is also depriving us of our inalienable right for food, which we may not be deprived of at any time nor for any reason w/o due process of law and the gov't must provide, w/o any charge, discrimination or interference. All of the above mentioned deprivations combined with the official TDCJ policy to pack up all of our property and move to another building to be strip searched, and property searched and seized is clearly inhuman and degrading treatment and punishment and amounts to depriving prisoners of our inalienable rights to be free from such conduct and freedom of movement and right to live where we choose w/o any due process of law. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 2, 5, 12, 13, 17, 24, 25, et al, Plaintiff so moves.

40) TDCJ deliberately discriminates against all prisoners in TDCJ through depriving us of our inalienable right to be free from any and all discrimination through racial discrimination, daily, forcing us to live with persons of a different race creating racial oppression and dissension for all of us and depriving us of any personal privacy for sleeping, resting, dressing or bathing,

<u>ADA</u>; <u>DOT</u>; <u>U.S. Const.</u> <u>Art. of 14 & Amend. 14</u> <u>Art. 8 & 14</u>; <u>TUDOHR Art. 25.1, 26, 27.3.2 & 28</u>, Art. may not be subjected to any such conduct ⅍ due process of law. <u>U.S. Const. Amends. 5, 14</u>. Plaintiff moves for an appropriate ruling, accordingly.

41) Prisoners that work in TDCJ, all are required to work by statute, many of which are performing the same duties as prison officials, are being deprived of their inalienable rights to equal pay and benefits for equal work, ⅍ due process of law, and those of us that are unable to work and/or have been injured while working for TDCJ, such as Plaintiff's, are deprived of our inalienable rights to worker's compensation, social security and adequate standard of living for the health and wellbeing of ourselves and our families, ⅍ due process of law, where Plaintiff needs his prescribed medical treatment, chiropractor and pain medication and cannot get it, and ⅍ any due process of law, depriving Plaintiff of his inalienable right to medical and dental care, ⅍ deliberate indifference, which must be provided by the gov't and nowhere is there any constitutional authority to "charge" any prisoner for any of their inalienable rights. All inalienable rights for prisoners must be provided ⅍ cost or charge, by the gov't and may not be deprived or interfered with ⅍ due process of law. <u>ADA</u>; <u>DOT</u>; <u>U.S. Const. Art. VI</u>; <u>U.S. Const. Amends. 5, 8, 14</u>; <u>Farmer</u>; <u>TUDOHR Arts. 2, 3, 17, 22, 23, 24, 25, 27, 28, et al</u>. Plaintiff moves for an appropriate ruling, accordingly.

42) Prisoner's food in TDCJ has been repeatedly drugged, many times, almost daily recently, the kitchen personnel under Capt. Bolss, et al, has been repeatedly putting Viagra, Cialis, or some similar drugs in prisoner's food on many occasions, ⅍ any due process of law and clearly amounting to cruel and unusual punishment, while no gov't employee is subject to this. <u>ADA</u>; <u>DOT</u>; <u>U.S. Const. Art. VI</u>; <u>U.S. Const. Amends. 5, 8, 14</u>; <u>TUDOHR Arts. 2, 5, 25, 28</u>. Plaintiff moves for an appropriate ruling, accordingly.

43) Prisoners in TDCJ are arbitrarily fed out of brown paper bags, non-food grade packaging, paper plates, and styrofoam cups and provided a small plastic spoon to eat with, ⅍ any due process of law, while no prison official or gov't employee is ever forced to be subject to these conditions and conduct, clearly amounting to discrimination, ⅍ equal protection of the law and fundamentally unfair, all ⅍ due process of law, the entire principle of due process of law. <u>ADA</u>; <u>DOT</u>; <u>U.S. Const. Art. VI</u>; <u>U.S. Const. Amends. 5, 8, 14</u>; <u>TUDOHR Arts. 2, 5, 25, 28</u>. Plaintiff moves for an appropriate ruling, accordingly.

44) Prisoners in TDCJ are arbitrarily deprived of home insurance or home owners insurance ⅍ protection for liability (someone injured on the premises), life, fire, flood, earthquake, lightening, tropical cyclone, tornado and/or other natural or mechanical disasters, ⅍ no provisions at all for temporary housing or quarters in motels, hotels, or other rental property during maintenance repairs or renovations, ⅍ any due process of law, while all prison officials and gov't employees have all of this, clearly violating our inalienable rights to the equal protection of the law and fundamental fairness doctrine of the U.S. Constitution, also clearly basic human needs. <u>ADA</u>; <u>DOT</u>; <u>U.S. Const. Art. VI</u>; <u>U.S. Const. Amends. 5, 8, 14</u>; <u>TUDOHR Arts. 2, 5, 25, 28 et al</u>. Plaintiff moves for an appropriate ruling, accordingly.

45) In TDCJ there is no set standard treatment applicable to all prisoners, to make all prisoners equal at all times, while there are various "status", classifications, and/or "ranks", with some trustees and some denied trustee status, all of us are denied having any of our "good time" and "work time" credits applied to the completion of our sentences, some are arbitrarily classified as "aggravated" while others are not, even though we all are entitled to have all time credit earned applied to the completion of our sentence, Puckett, and we are all deprived of furloughs, work release, conjugal visits, and such, while being overcrowded and understaffed for our personal security and protection, even though all of us are entitled to all of this as well, <u>Estelle v. Ruiz, et al</u>; we all have different lengths of sentences and treated differently on a case by case basis, while some are granted parole and others are not and nearly all of us do different lengths of time on parole with a whole slew of different conditions and individual treatment plans (itps), all ⅍ any due process of law and clearly making the entire system fundamentally unfair to all prisoners and great discrimination, none of which is constitutional. These are all "services, programs and activities" that the gov't has and all prisoners are clearly entitled to the equal protection of the law under the ADA, therefore all of these issues should be equal to all prisoners ⅍ any discrimination. <u>ADA</u>; <u>DOT</u>; <u>U.S. Const. Amends. 5, 8, 14</u>; <u>TUDOHR Arts. 2, 3, 5, 25, 28 et al</u>. Plaintiff moves, accordingly.

46) Prisoners in TDCJ are arbitrarily deprived of food storage containers and appliances and transporting any food to or from housing and/or dining hall, with no zip-lock bags, sandwich bags, plastic bags or tupperware in various types and sizes, ⅍ no access to a pantry, refrigerator, or freezer, while all prison staff and gov't employees have all of this, and ⅍ due process of law. <u>ADA</u>; <u>DOT</u>; <u>U.S. Const. Art. VI</u>; <u>U.S. Const. Amends. 5, 8, 14</u>; <u>TUDOHR Arts. 2, 5, 25, 28, et al</u>. Plaintiff moves, accordingly.

47) TDCJ policy permits Phase 2.14 for 0049 RJY, Document 8 Filed 06/17/14 Page Rate 27 of 43, et al, clearly causing contamination and cross-contamination of these foods, while at times serving foods that are not cooked or improperly or under cooked, like mostly potatoes and beans, other vegetables at times, and prepare our sandwiches for us, all under unsanitary conditions and in an unsanitary environment, w/o plastic gloves or hair nets, by diseased persons in a disease infested environment, by persons untrained, uneducated and uncertified as food preparers or handlers, w/o due process of law, while no gov't. employee is ever forcibly subjected to any of this conduct or conditions.

Prisoners are also "staged" for our meals and meal times, having to wait 1hr. to 1½hr. in an over crowded dayroom w/o enough seats for all persons, denied access to commissary, dining halls and restaurants arbitrarily, and required to eat different food in a different facility than any prison staff or gov't. employees, amounting to discrimination and fundamentally unfair, while harassing prisoners and telling us where, when and how to eat, w/o any Court order or any other due process of law.

Prisoners have an inalienable right to food, equal protection of the law and due process of law at all times, ADA; DOJ; US Const Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Art. 25, which clearly states that prisoners may not be deprived of access to any food source, dining hall, commissary, super market, grocery store, restaurant, etc. at any time, 24 hours a day, nor deprived of preparing and/or serving our own meals at any time, w/o any restriction or limitation of where, when or how to eat; w/o any harassment, and must be provided with all necessary means to prepare such foods and meals at all times, by the gov't, and provided with skilled, educated, trained, certified, professional food caterers at all times, by the gov't, while provided with USDA and FDA Grade A foods at all times, w/o any type of discrimination and w/o due process of law, paid for by the gov't, w/o charge or fee, for life. Plaintiff so moves, accordingly.

48) TDCJ policy deprives prisoners of eyewear of choice, whether glasses, sunglasses (prescription or not), type and style of glasses, contact lenses of choice or surgery and doctor of choice, also a basic human need, w/o any due process of law, while all prison officials and all gov't. employees have all of this. Prisoners in TDCJ have an inalienable right to medical care, which clearly infers doctors, prescriptions, treatments and/or procedures (surgical or other) of choice and eye wear and/or other disability needs of choice, at all times, provided by the gov't, w/o charge, for life. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Art. 25 et al. Plaintiff so moves.

49) All prisoners in TDCJ, including Plaintiff, were arrested and detained at our liberty initially in some form of fashion, whether by traffic stop, warrant or other means, w/o any due process of law, clearly depriving all of us of our inalienable rights to: liberty; freedom of movement; freedom of choice; freedom from arbitrary arrest, detention, and/or exile; property; life; privacy; family; home; security; sovereignty; correspondence; et al — therefore all such practices and policies should be abolished. Plaintiff so moves. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 1, 4, 5, 6, 7, 8, 10, 14; ICCPR Art. 1; TUDOHR Arts. 3, 9, 12, 13, 25, et al.

50) All prisoners in TDCJ are subject to muster count(s) at various times throughout the day and night, with roster counts only at night requiring the waking of prisoners and sometimes waking us at every count just to see us move, w/o any Court order or other due process of law, and no prison official or gov't. employees subject to any of this, which is clearly discrimination and retaliation and lethal conduct which clearly deprives all prisoners of our inalienable rights to: life; freedom of movement; liberty; rest; leisure; privacy; self-determination — which are also all major life activities and basic human needs. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; ICCPR Art. 1 et al; TUDOHR Arts. 3, 12, 13, 24, 25, et al; CAT OCI OTP. Plaintiff moves for an appropriate ruling, accordingly.

51) All prisoners in TDCJ are deprived of our inalienable right(s) to "immunity", w/o any equal protection of the law and w/o any Court order or any other due process of law, while many or most gov't. employees including the President of the U.S., all governors, prosecutors and judges — enjoy some form of immunity and some Ambassadors absolute immunity. As "immunity" is clearly a "service, program and/or activity" that the gov't. has, under the ADA all prisoners in TDCJ are also entitled to absolute immunity as well. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 2, 7, 28, et al. Plaintiff moves accordingly

52) All prisoners in TDCJ are deprived of our inalienable right(s) to "tax exemptions", w/o any equal protection of the law and w/o any Court order or any other due process of law or discrimination, while "tax exempt" is a "service, program and/or activity" that the gov't. provides for some businesses and/or entities, elderly, blind, disabled, Vietnam veterans and others, under the provision of the ADA all prisoners in TDCJ are also entitled thereto, for life, w/o any discrimination, exempt from income tax, property taxes, sales taxes, highway taxes, federal excise taxes, and all other forms of taxes including business, employment, and sales

27

security taxes and all the rest. As state law, federal law, et al., this clearly violates the law. AOA; DOE; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 2, 7, 28, et al. Plaintiff moves for an appropriate ruling, accordingly.

53) Prisoners in TDCJ and under the authority of TDCJ are required to have special identification cards, arm bands (wrist bands), ankle monitors and other forms of identification not required by anywhere else and required to release our only means of identification upon demand, while no person officer or state or govt. employee is ever subject to any of this, all clearly to any equal protection of the law or any type of due process of law. Plaintiff chooses to exercise his inalienable right to individual personal sovereignty and specifically dissents to any and/or all statutes, policies and/or contracts that require him or anybody else to carry any type of identification for any reason or require him or any other person to pay any type of tax or require or permit him or anybody else to be tagged, marked, or identified by any means of identification, marking, tagging, targeting, by any means, computer chips, rfid, cards, internal or external. AOA; DOE; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 10, 14. Plaintiff moves accordingly.

54) All prisoners in TDCJ are subject to many TDCJ Administrative Directives (ADs), to any Court orders or other due process of law nor any equal protection of the law where no prison official or any other person is subject to any of these, also clearly amounting to bills of attainder. Plaintiff chooses to exercise his inalienable right to individual personal sovereignty and specifically dissents to all TDCJ A.D.s and moves to abolish all of them accordingly. AOA; DOE; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 9, 14.

55) Prisoners in TDCJ are deprived of access to Chiropractors of choice, to due process of law, while all prison officials and govt. employees have access to the chiropractors and chiropractic services of choice. Plaintiff moves for an appropriate ruling, accordingly, AOA; DOE; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; Farmer; TUDOHR Arts. 2, 25, 28, et al; ICCPR Art. 1; CAT OC I OTP.

56) All indigent prisoners in TDCJ are deprived of all commissary purchases and purchases of all other types through the mail and other sources, while prisoners with funds in their inmate trust fund account, prison officials and all govt. officials are not deprived of any of this, to due process of law, equal protection of the law and clearly amounting to discrimination and fundamentally unfair. AOA; DOE; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 2, 25, 28, et al; ICCPR Art. 1; CAT OC I OTP. Plaintiff so moves.

57) Prisoners in TDCJ are deprived of all of the privileges and immunities that everyone else has in the U.S. and a republican form of govt., even though we are clearly entitled to all of this as well. AOA; DOE; U.S. Const. Art. VI; U.S. Const. Art. IV §§2, 4; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 2, 7, 28 et al; CAT OC I OTP. Plaintiff so moves.

58) All prisoners in TDCJ are deprived of sleep, leisure, recreation of choice and time for such activities, arbitrarily, daily, to any due process of law or equal protection of the law, even though we are all clearly entitled to all of this, at all times, to fair or any interference or discrimination. AOA; DOE; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 2, 24, et al. Plaintiff so moves.

59) All prisoners in TDCJ are discriminated against daily through being forcibly confined with homosexuals and different races, while depriving heterosexual males and females from dating, cohabitating, having sexual relations, raising families, etc., to any due process of law, which clearly deprives us of our inalienable rights to marry and found a family. AOA; DOE; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 2, 7, 16, 28, et al. Plaintiff moves for an appropriate ruling, accordingly.

60) All prisoners in TDCJ are deprived of controlling the water flow and water temperature at our sinks and showers, to no handicap showers, toilets, sinks, handrails, ramps, automatic doors or any other handicap necessities and requirements are provided in our housing or in any other building, to any due process of law or equal protection of the law, even though we are clearly entitled to all of this and much more. AOA; DOE; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 2, 7, 25, 28, et al. Plaintiff so moves.

61) All prisoners in TDCJ are locked-in and/or locked-out of our housing, classes, recreation yards, day rooms, all buildings, library, law library, cells, cages, and vehicles; to any due process of law or equal protection of the law, which is always controlled by prison staff, which clearly violates prisoners inalienable rights to: liberty; self-determination; privacy; freedom of movement; security; rest; leisure; housing; due process of law; equal protection of the law; et al. AOA; DOE; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 2, 3, 7, 12, 13, 24, 25, et al; ICCPR Art. 1; CAT OC I OTP; et al. Plaintiff moves for an appropriate ruling.

62) All prisoners in TDCJ are arbitrarily required to pack up all of our property and move from time to time to no provisions at all for carrying or packing our personal property or any type of luggage nor any type of help or transportation to assist us in

moving, than due process, et al., clearly violating our inalienable rights to: liberty; freedom of movement; self-determination; privacy; home; due process of law; equal protection of the law; et al. **ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 5,8,14; TUODHR Arts. 2,3,7,12,13,25,28, et al.; ICCPR Art. 1, et al.** Plaintiff moves for an appropriate ruling.

63) All prisoners in TDCJ are deprived of security for any person and property at all times, while arbitrarily deprived of our personal property, including hygiene products, and purchasing personal property, type of property, including real estate, and limited to the amount of personal property that we may have at all times, whether in or out of personal housing, w/o any due process of law or equal protection of the law. **ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 5,8,14; TUODHR Arts. 2,3,7,25,28, et al.** Plaintiff so moves.

64) All prisoners in TDCJ are arbitrarily "scheduled" for just about everything (e.g. recreation; medical; classes; mailroom; law bldg.; parole; release; transport; meals; etc), w/o any due process of law or equal protection of the law, clearly violating our inalienable rights to: liberty; freedom of movement; transportation; self-determination; food; et al. **ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 2,3,7,12,13,25,28, et al.** Plaintiff moves for an appropriate ruling.

65) TDCJ does not appear to be complying with the **Affordable Care Act/ACA, ADA, ICCPR, or the CAT OCIDTP**, or any of their provisions and/or requirements, nor do prisoners in TDCJ have any access to any of these statutes and treaties to even know their contents, w/o any due process of law, and clearly amounting to discrimination and no access to courts. **ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 1,5,8,14; TUODHR Arts. 2,3,7,28, et al.** Plaintiff moves for an appropriate ruling.

66) All indigent prisoners in TDCJ are deprived of our inalienable rights to be free from interference with all correspondence, **TUODHR Art. 12**, w/o any due process of law or equal protection of the law, which clearly infers that we are entitled to unlimited correspondence supplies, unlimited correspondence, unlimited postage for correspondence, legal and personal, with unlimited access to means of corresponding through unlimited medias, whether U.S. mail, courier service, telephone, cellular, electronic or other means, at all times, 24 hrs a day, without fail day or night. **ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 1,5,8,14; TUODHR Arts. 2,3,7,12, et al.** Plaintiff moves for an appropriate ruling accordingly.

67) All prisoners in TDCJ are arbitrarily subject to urine analysis (UA's), saliva tests, blood tests, skin tests, hair tests, nail tests, feces tests, paternity/maternity tests, DNA tests and other tests for identification, w/o any due process of law or equal protection of the law. Plaintiff exercises his inalienable right to individual personal sovereignty and specifically dissents to all such tests and similar tests and moves to abolish all such laws and/or contracts that require such tests, accordingly. **ADA; DOT; U.S. Const. Amends. 4,5,8,14; U.S. Const. Art. VI; TUODHR Arts. 2,3,7,28, et al.**

68) All prisoners in TDCJ are required to submit a DNA sample to Texas before leaving TDCJ. This is done w/o any due process of law or equal protection of the law, is fundamentally unfair and discrimination. Plaintiff exercises his inalienable right to individual personal sovereignty and specifically dissents to such practices and all such statutes or contracts that permit or require such practices, and moves to abolish all such laws and/or contracts that require such practices, accordingly. **ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 4,5,8,10,14; TUODHR Arts. 2,3,7,28, et al.**

69) All prisoners in TDCJ are documented historically in the TCIC, NCIC, FBI, criminal history, and other local, state, federal and international databases, w/o any due process of law or equal protection of the law, is clearly discrimination and fundamentally unfair. Plaintiff chooses to exercise his inalienable right to individual personal sovereignty and specifically dissents to all such statutes, contracts and/or databases as they (along w/ 67 + 68) clearly interfere with Plaintiff's life, liberty and/or property w/o due process of law or equal protection of the law and moves to abolish all of them, accordingly. **ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 5,8,10,14; TUODHR Arts. 2,3,7,28, et al.**

70) TDCJ is clearly a private prison system, **TDCJ Chps. 491-511**, that has nothing at all to do with the government or paying any debts to society, nor is it governed by any publicly elected official(s) or any govt. officials, w/o due process of law or equal protection of the law, depriving all prisoners of our inalienable rights to: liberty; security and safety of person; privacy; freedom of movement; self-determination; counsel; bear arms; freedom speech and religion; due process of law; equal protection of the law; social security; individual sovereignty; work; wages; rest; leisure; recreation; correspondence; home; housing; family; life; property; et al.—and

should be abolish. ADA; DOJ; Case 1:14-cv-00498-LY Document 17 Filed 06/17/14 Page 30 of 43 U.S.Const. Art. VI; U.S.Const.Amends. 5,8,14; TUDOHR Act.1.;

TUDOHR Acts 2,3,7,12,13,22,23,24,25,28 et al; CATOCI OTP. Plaintiff so moves.

21) All prisoners in TOCJ have an inalienable right to clothing, TUDOHR Art.25, which clearly infers the right to clothing at all times, all personal clothing that is ours to keep, that is ours own, new from the manufactures, with no requirement to be without any of our personal clothing at any time, not even for a strip search, w/o a Court order and entire panoply of due process of law, the right to have adequate clothing of choice, style and/or name brand, including headwear, footwear, underwear, outerwear, pants, shirts, skirts, dresses, suits, gloves, work clothes, warm weather clothes, cold weather clothes, braid ons, not used, to be worn when, where and how by personal individual preference, with no interference, instructions, requirements, limitations, restrictions or discrimination from anyone or any source, and with means to replace worn out clothing and/or shoes or suits, or get more additional clothing as needed or desired. ADA; DOJ; U.S.Const. Art. VI; U.S.Const.Amends. 5,8,14; TUDOHR Arts. 2,3,7,25,28 et al. Plaintiff moves for an appropriate ruling accordingly.

22) All prisoners in TOCJ are assigned a TOCJ number and required to put our number on all of our personal property, w/o any due process of law or equal protection of the law, as no other persons in society receive a TOCJ number nor are they required to put their number on all of their property, nor every single stamp and on every single envelope, as we are required to, clearly amounting to being fundamentally unfair and discrimination. ADA; DOJ; U.S.Const. Art. VI; U.S.Const. Amends. 5,8,14; TUDOHR Arts. 2,3,7,28 et al. Plaintiff moves to abolish all such requirements accordingly.

23) All prisoners in TOCJ have an inalienable right to food, TUDOHR Art. 25, which clearly infers the right to have dessert w/ every single meal, as prison staff do, the right to have drinks and snacks between a meals from the dining hall, as prison staff have, w/o any charge for any meal, as prison staff has, made available 24 hrs. a day, as needed or desired, w/o the right to have hot or cold meals from any source available to society, at all times, 24 hrs. a day, w/o fail, w/o charge, and the right to have the means available to get, acquire or purchase the food or meals of choice, at all times, 24 hrs. a day, w/o fail, w/o discrimination, due process of law or equal protection of the law. Plaintiff so moves. ADA; DOJ; U.S.Const. Art. VI; U.S.Const.Amends. 5,8,14; TUDOHR Arts. 2,3,25,28.

24) All prisoners in TOCJ have an inalienable right to be free from any interference with any correspondence, TUDOHR Art.12, which clearly infers that no person, no TOCJ staff, may handle any of prisoners U.S. Mail or any other type of correspondence at any time or for any reason, w/o due process of law and the equal protection of the law, it also clearly infers that every single prisoner is entitled to our own U.S. Mail box and a unique, physical mailing address with only U.S. Postal employees handling, receiving and/or delivering our mail and that TOCJ may not delay the sending and/or delivery of any of prisoner's mail, packages or correspondence for any reason, at any time, nor in any way and that all of prisoners mail is to be properly and promptly forwarded and/or delivered only by U.S. Postal employees, UPS or other private courier of said parcels, accordingly. Plaintiff so moves. ADA; DOJ; U.S.Const. Art. VI; U.S.Const.Amends. 5, 8, 14; TUDOHR Arts. 2, 3,7,12, 28 et al.

25) All prisoners in TOCJ have their correspondence sent and received through a TOCJ Mailroom, where it is read, copied, inspected, destructed, approved or denied, and held for 2 or 3 days at a time, at least, and some times 1 to 2 weeks or longer, w/o any due process of law or equal protection of the law. Plaintiff chooses to exercise his inalienable individual personal sovereignty right to specifically dissent to TOCJ and to all TOCJ mailrooms and all contracts, policies or statutes that permit or authorize the functions thereof or therein, as they clearly interfere with and or deprive Plaintiff of his inalienable rights to life, liberty and/or property. Plaintiff so moves, accordingly. ADA; DOJ; U.S.Const. Art. VI; U.S.Const.Amends. 5, 8,14; TUDOHR Acts 2,3,7,12,25,28 et al.

26) All prisoners in TOCJ have an inalienable right to privacy, rest and leisure, at all times, TUDOHR Arts. 12,24, which clearly infers the right to not be disturbed in our personal housing at any time, by any source, nor for any reason, w/o due process of law and equal protection of the law, and the right to be provided with a new mattress, box spring, and pillows of choice, w/ new bed linens, pillow cases, sheets, comforters and/or blankets of choice, w/ means to launder them and get more as needed, available at all times, and the right to recreation of choice, w/ all means necessary to provide it, at all times, w/o fail, 24 hrs. a day.

Plaintiff so moves. ADA 2004; 14-CV-00498(2) U.S. DOJ Amends. FTC (OOSHRA), 3 3 of 34 of 43; ICCPR Art. 1.

77) All prisoners in TDCJ have an inalienable right to a home and housing, TUDOHR Arts. 17,25, at all times, w/o fail, w/o due process of law or equal protection of the law, which clearly infers the right to have housing of choice w/all modern appliances, furniture, amenities and abilities of choice, in location of choice, w/all bills paid, w/o any disturbances, interference or interruption of any kind from any person, entity, gov't or any other source, at any time, not for any reason, w/o fail, 24 hrs a day, made available at all times, w/no discrimination in any way, w/o due process of law and equal protection of the law. Plaintiff so moves, accordingly. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 5,8,14; TUDOHR Arts. 2,3,7,17,25,28, et al; ICCPR Art. 1; CAT OCI OTP.

78) All prisoners in TDCJ have an inalienable right to own property, TUDOHR Art. 17, this right clearly infers the right to own property of any and all types, real estate or other tangible property, w/o any restrictions or limitations of any kind and the right not to have any property confiscated or deprived of at any time, w/o due process of law. Plaintiff so moves. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 4,5,8,14; TUDOHR Arts. 2,3,7,12,17,25,28, et al; ICCPR Art. 1; CAT OCI OTP.

79) All prisoners in TDCJ have an inalienable right to freedom of movement at all times, TUDOHR Art. 13, this clearly infers the right to go anywhere at any time, the right to be housed where we choose, w/o any interference or discrimination, w/o due process of law and equal protection of the law, the right to enter and exit our personal housing and go anywhere we choose by means of choice, w/o any appointment, lay-in or authorization, w/o due process of law and equal protection of the law, and the right to walk how and where we choose at all times w/o any interference, harassment or discrimination. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 4,5,8,14; TUDOHR Arts. 2,3,7,13,28, et al; ICCPR Art. 1; CAT OCI OTP. Plaintiff moves accordingly.

80) TDCJ arbitrarily deprives all prisoners of daily showers, under official TDCJ policy, sometimes for days at a time, w/o any due process of law or equal protection of the law, this conduct is clearly contrary to prisoners inalienable rights to liberty; home; privacy; freedom of movement; standard of living for health and well-being; housing; medical care, et al, at TUDOHR Arts. 3,12,13,25, et al, and this type of conduct should clearly be abolished and all prisoners provided with daily showers and all other necessities therefore, including showers w/adjustable water temperature and adjustable water flow; w/privacy for undressing, bathing and dressing; required handrails for the handicapped; place to put clothes while bathing; clothing that is serviceable, of proper size and is prisoner's personal property; towel that is clean, serviceable and prisoner's personal property; wash cloth that is clean, serviceable and prisoner's personal property; a razor of choice, that is prisoner's personal property; deodorant soap, body wash, shampoo, conditioner, deodorant and shower shoes of correct size, personal choices of prisoner's that is prisoner's personal property; means to repair, clean or get new items afore mentioned as needed; all made available at all times. Plaintiff so moves accordingly. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 5,8,14; TUDOHR Arts. 2,3,7,12,13,25,28, et al; ICCPR Art. 1; CAT OCI OTP. Plaintiff further specifically dissents to any and/or all statutes or contracts that interferes with or deprives any person of personal showers and related necessities at any time or for any person. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amend. 4,5.

81) TDCJ arbitrarily deprives all prisoners of toilet paper, access to working toilet, and access to personal housing and personal property, under official TDCJ policy, w/o any due process of law or equal protection of the law, which is clearly contrary to prisoners inalienable rights to liberty; home; property; privacy; freedom of movement; standard of living for health and well-being; housing; medical care; et al, at TUDOHR Arts. 3,12,13,17,25, et al, w/o any recourse or provision to correct the problem, and this type of conduct should clearly be abolished and all prisoners provided with (toilet paper; working toilet(s); access to housing; personal housing w/undisturbed privacy; security for person, housing and personal property (right to bear arms); access to all personal property - at all times, w/o trial or interference w/o due process of law. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 8,14; TUDOHR Arts. 2,3,7, 13,13,17,25,28, et al; ICCPR Art. 1; CAT OCI OTP. Plaintiff so moves accordingly.

82) All prisoners in TDCJ are arbitrarily deprived of correspondence w/no access to U.S. Mail service, or any other means of correspondence, arbitrarily deprived of supplies to mail personal and legal correspondence, including pens, lined paper, envelopes, and stamps, w/o any due process of law, which is clearly contrary to prisoners inalienable right to be free from interference with any correspondence at any time, at TUDOHR Art. 19, which clearly infers that prisoners are entitled to direct access to the U.S.

Box and unique physical address for everyone of us, Yunlimited supplies of pens, lined paper, carbon paper, copy machines and paper, envelopes of size desired or needed, postage stamps, all other postal services and courier services, e-mail, e-filing, computers, internet, telephones, cell phones, phone directories, and all other modern means of worldwide corresponding and applicable services to engage there to, as the Attorney General already has all of this as well. Plaintiff so moves accordingly. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends 5, 8, 14; TUDOHR Arts. 2, 3, 7, 13, 28, et al; ICCPR Art. 1; CATOCI DTP.

82) All TDCJ prison units known to Plaintiff have open sewage systems and are surrounded by dogs, horses and/or cattle and their biological waste at all times, which is clearly contrary to prisoners inalienable rights to: be free from discrimination; standard of living adequate for health and well-being; medical care; % any due process of law, et al, TUDOHR Arts. 2, 3, 7, 25, 28, et al. which clearly infers that we should not be forcibly subjected to these odors or conditions, as we are not all sewage treatment employees nor animal tenders and society is not required to tolerate these conditions, so neither should we. % due process of law. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 2, 3, 7, 25, 28, et al; ICCPR Art. 1; CATOCI DTP. Plaintiff moves for an appropriate ruling, accordingly.

84) All prisoners in TDCJ are arbitrarily deprived of: cleaning agents, disinfectants and supplies; paint and supplies; tools; floor tiles, paint, wax and equipment; climate control systems - AC and Heat-Y purified air; purified water; sanitary dining halls and kitchen facilities - which is clearly contrary to prisoners inalienable rights to: be free from discrimination; equal protection of the law; standard of living adequate for health and well-being, et al, TUDOHR Arts. 2, 25, et al. which clearly infers that we have rights to all of this, % restriction, % due process of law, as prison officials and gov't. employees have all they need or desire. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amend. 5, 8, 14; TUDOHR Arts. 2, 3, 7, 25, 28, et al. Plaintiff moves, accordingly.

85) All prisoners in TDCJ are arbitrarily deprived of healthcare, medical care, dentalcare, mental healthcare and insurance for all of this, doctors and prescriptions of choice, procedures of choice and prescribed medications, % any due process of law, which is clearly contrary to our inalienable rights to: be free from discrimination; standard of living adequate for health and well-being; medical care; equal protection of the law; be free from cruel and unusual punishment; et al, TUDOHR Arts. 2, 25, et al, which clearly infers the right to all of these services, at all times, free of charge, as needed, provided and paid for by the gov't. for the cost of our lives. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends 5, 8, 14; TUDOHR Arts. 2, 3, 7, 25, 28, et al; CATOCI DTP. Plaintiff moves for an appropriate ruling, accordingly.

86) All prisoners in TDCJ are arbitrarily deprived of social security, % due process of law, which is clearly contrary to our inalienable right to social security, TUDOHR Art. 22, which clearly infers that all persons born after Dec. 10th, 1948 are entitled to social security, back social security Y interest for our entire lives and for the rest of our lives; and those persons born before Dec. 10th, 1948 are entitled to social security from Dec. 10th, 1948, Y back pay Y interest, and for the rest of their lives, % any discrimination. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amend's 5, 8, 14; CATOCI DTP; TUDOHR Arts. 2, 3, 7, 22, 28, et al. Plaintiff moves for an appropriate ruling, accordingly.

87) TDCJ controls all of prisoners' services, programs and activities at all times, % any due process of law, and only permits the scheduling of the services, programs and activities of TDCJ's choice, which is clearly contrary to the provisions of the ADA which clearly infers that all prisoners are entitled to all of the services, programs and activities that TDCJ officials and the gov't. have, at all times, % charge, for the rest of our lives, provided by the gov't., y the Attorney General shall promulgate regulations for the enforcement thereof, and the Judges in every State are bound thereby. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends 5, 8, 14; TUDOHR Arts. 2, 3, 7, 28, et al. Plaintiff so moves accordingly.

88) All prisoners in TDCJ are arbitrarily deprived of keys to our housing, vehicles, other personal property, % any due process of law, Y no way to lock and secure our housing once inside or to keep others out while away, nor any way to secure our personal property inside our housing, which is clearly contrary to the ADA since all prison officials and gov't. employees have all of this. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 2, 3, 7, 25, 28. Plaintiff moves, accordingly.

89) All prisoners are subject [in TOC] to ... and/or housing and all personal property, scheduled and random and retaliatory, w/o any due process of law or equal protection of the law, while no prison official or govt. employee is ever subject to any of this, is clearly contrary to the ADA, therefore all such searches should be abolished. Plaintiff so moves. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; CAT & CT & OTP; TUDOHR Arts. 2, 3, 3, 22.

90) All prisoners in TOC are arbitrarily deprived of access to, entry and exit of personal housing, all buildings, facilities, recreation yards, dining halls and all other govt. areas, buildings, facilities, vehicles and private and public transportation, w/o any due process of law or equal protection of the law, while no person official or govt. employee is deprived of any of this, which is clearly contrary to the provisions of the ADA, which infers prisoners are entitled to all of that too. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 3, 3, 21, 25, 28. Plaintiff moves for an appropriate ruling accordingly.

91) All prisoners in TOC are required to wear "arm bands" or "wrist bands" to designate our housing, status, medical conditions or other purpose, w/o any due process of law, which is clearly in violation of OSHA standards, all such requirements to wear anything around the finger, wrist, arm, toe, ankle, leg, neck or head is a lethal safety hazard, and no govt. employee is ever required to be subject to such deadly standards and neither should any prisoner in TOC's either. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 3, 3, 7, 25, 22; ICCPR Art. 1; CAT & CT & OTP; OSHA standards. Plaintiff so moves.

92) All prisoners in TOC are arbitrarily deprived of pepper spray, mace, riot balls, tasers, firearms, swords, machetes, sabers, pocket knives, hunting knives and other means of personal security and arms, as well as means to protect ourselves w/body armour, kevlar helmets, knee and foot pads and gloves, w/o any due process of law, while no govt. employee is ever deprived of any of this. Under the provisions of the ADA, neither should any prisoner in TOC, we are all entitled to have all said provisions, w/o charge, condition or any discrimination, for the rest of our lives, provided by the govt. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 3, 3, 7, 22; ICCPR Art. 1; CAT & CT & OTP. Plaintiff moves for an appropriate ruling, accordingly.

93) All prisoners in TOC are deprived of sufficient seating for all prisoners to bunk (depression); all prisoners to watch a movie; all prisoners to watch the sports tv; for all prisoners to watch the non-sports tv; our housing (only 1 stool to 2 prisoners); all prisoners to eat in the dining hall (approx. 225 seats to 1,350 prisoners); all prisoners to attend church; all prisoners to sit outside; all prisoners to go to recreation yards or the gymnasium; all prisoners to go to the library; all prisoners to go to the law library; all prisoners to attend school or education programs — w/no due process of law, while no govt. employee is ever deprived of a seat at any time, under the provisions of the ADA no prisoner in TOC should ever be deprived of sitting in a chair at any time either. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 3, 3, 7, 25, 28. Plaintiff moves accordingly.

94) All prisoners in TOC are arbitrarily deprived of our inalienable rights to: vote; and be governed by a republican form of govt., w/o any due process of law, while no govt. employee is ever deprived of any of these inalienable rights, under the provisions of the ADA neither should any TOC prisoner. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14, 15; U.S. Const. Art. IV §4; TUDOHR Arts. 3, 3, 7, 21, 28. Plaintiff moves for an appropriate ruling accordingly.

95) All prisoners in TOC are arbitrarily deprived of boiling water and ice at all times, w/o any due process of law, while no govt. employee is ever deprived of boiling water or ice at any time, under the provisions of the ADA neither should any TOC prisoner. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 3, 3, 25, 28; ICCPR Art. 1; CAT & CT & OTP. Plaintiff moves for an appropriate ruling accordingly.

96) All prisoners in TOC are arbitrarily deprived of a church or other place of worship of choice, w/o any due process of law, while no govt. employee is ever deprived of a place to worship of choice and/or choice of religious rites or practices, under the provisions of the ADA neither should any TOC prisoner. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 1, 5, 8, 14; ICCPR Art. 1; TUDOHR Arts. 2, 3, 7, 18, 19, 20, 28; CAT & CT & OTP. Plaintiff moves for an appropriate ruling, accordingly.

97) All prisoners in TOC are arbitrarily deprived of USDA Grade A and FDA Grade A foods prepared by licensed, certified professional caterers, w/o any due process of law, while no govt. employee is ever deprived of any of these standards, under the provisions of the ADA neither should any TOC prisoner. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; ICCPR...

98) All prisoners in TDCJ are deprived of our choice of breads (e.g., white, whole wheat, oat, grain, rye, etc.) at every meal; our choice of biscuits or bread at every meal; our choice of milk (e.g., 1%, 2%, soy milk, etc.) at every meal; butter for our bread or vegetables; choice of bread or toast; buns w/ hamburgers or chopped beef; buns & franks or hot dogs; choice of common drinks (e.g., coffee; tea; water; soft drinks; Coke; Dr. Pepper; 7UP; Big Red; etc.) with every meal; sugar and creamer for coffee or tea at every meal; common condiments (e.g., mayonnaise, mustard, ketchup, peanut butter, jelly, relish, etc.) at every meal; common spices (e.g., black pepper, red pepper, cayenne pepper, salt, garlic, onion powder, etc.) at every meal; common garnishes (e.g., celery, sliced/chopped onions, sliced tomatoes, cherry tomatoes, black olives, sliced/shredded cheese and type of cheese, green olives, mushrooms, jalapeños, etc.) at every meal; fresh vegetable salads at every meal; fresh fruits at every meal (e.g., apples, oranges, grapefruit, grapes, peaches, strawberries, etc.); choice of dessert at every meal (e.g., cookies, cake, pecan/apple pie, peach cobbler, vanilla/chocolate ice cream, etc.); food deliveries from restaurants; dining at restaurants of choice; preparing meals for ourselves in personal housing and all necessities therefore therein (e.g., kitchen, refrigerator, freezer, range oven, pots, pans, utensils, cups, glasses, cook books, open blamed barbecue pot, etc.); eating and/or drinking where, when and how we choose; access to dining halls 24 hrs a day for drinks and/or snacks between meals; — w/o any due process of law, while no govt. employee is ever deprived of any of this, under the provisions of the ADA; neither should any TDCJ prisoner. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8,14; TU&DCHR Arts. 2.3.7.25.28; ICCPR Art. 1; CAT; OCI; OTP. Plaintiff moves for an appropriate ruling accordingly.

99) All prisoners in TDCJ are deprived of all hair and nail care professionals of choice, while no govt. employee is ever deprived of hair and nail care professionals of choice, w/o due process of law, under the provisions of the ADA; neither should any TDCJ prisoner. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8,14; TU&DCHR Arts. 2.3.7.25.28; ICCPR Art. 1. Plaintiff so moves.

100) All prisoners in TDCJ, as Disabled Americans under the ADA, are arbitrarily deprived of all standards for the handicapped, like: strategically placed handrails, benches and seats; handicap showers w/ adjustable to hot and cold water valves and handrails; handicap sinks w/ adjustable hot and cold water valves and handrails; handicap toilets, bathrooms and restrooms; automatic doors for entry and/or exit of all buildings and facilities; handicap ramps w/ handrails to them all facilities; exercise equipment, physical therapists and physical trainers for the handicapped; health spas; gyms; swimming pools w/ life guards on duty, indoors and outdoors; automatic gates; transportation system for the handicapped; elevators for getting to floors above or below the ground floor; and all other standards for the physically and/or mentally disabled or handicapped — w/o any due process of law, while no govt. employee is ever deprived of any of those standards, under the provisions of the ADA; neither should any TDCJ prisoner. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 5,8,14; TU&DCHR Arts. 2.3.7.28; CAT; OCI; OTP. Plaintiff moves accordingly.

101) All prisoners in TDCJ are arbitrarily deprived of all emergency evacuation and/or emergency shelter provisions and standards for natural disasters and other emergencies (e.g., fire, smoke, toxic accidents, auto accidents, tropical cyclones, earthquakes, etc.) w/o any due process of law, while also being physically restrained, in bonds, during travel and building fires, unable to protect one's self or react accordingly, while no govt. employee is ever subjected to any of this type of conduct forcibly, under the provisions of the ADA; neither should any TDCJ prisoner. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 5,8,14; TU&DCHR Arts. 2.3.7.25.28; CAT; OCI; OTP. Plaintiff moves for an appropriate ruling accordingly.

102) All prisoners in TDCJ are arbitrarily deprived of counsel of choice for all legal affairs paid for by the state; security systems w/ 24 hr. audio and video surveillance and monitoring; freedom of movement; life; liberty; property; local, state, national and international directories; phone directories and access to and use of phones for direct calls; tattoos; tattoo equipment and artists; alcoholic beverages and liquors; beer; necessities to make and/or manufacture alcoholic beverages and kinds of choice and preference (e.g., still; copper tubing; heat source; cool dry location; pure water; sugar; grapes; hops; yeast; ephedrin; anhydrous ammonia; red phosphorus; black iodine; water; tool to seal glass bottles; etc.); all tobacco products and needs for smoking (e.g., 100% tobacco; rolling papers; tobacco leaves; marijuana; rolling papers; rolling machines; selection of pipes and/or materials to make them (e.g. glass tubing; copper tubing; fittings; stainless steel tubing and fittings); lighters; matches; medical grade (91%)

34

Case 1:14-cv-00027-LY Document 1 Filed 05/17/21 Page 35 of 43

alcohol; pipe filters; cigars; filters; pipe tobacco; cigarettes; lights; matches; 100% pure tobacco cigars and cigarettes; chew; boy; etc); alcoholic beverages of choice (eg., name brand – gin, rye, scotch, bourbon, vodka, tequila, whiskey, etc) – 4/no due process of law, while no gov't. employee is ever deprived of any of this, under the ADA neither should any TDCJ prisoner; ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 2, 3, 7, 25, 28; ICCPR Art. 1. Plaintiff moves for an appropriate ruling, accordingly.

103) All prisoners in TDCJ are arbitrarily deprived of: comingling 4/members of the opposite sex; cohabitating 4/members of the opposite sex; sex, marriage and raising a family 4/members of the opposite sex; birth control, prophylactics, diaphragms and/all other types of contraceptives; establishing relationships 4/members of the opposite sex, of choice or of mutual attraction; dating members of the opposite sex – 4/o any due process of law, while no gov't. employee is ever deprived of any of this, under the ADA neither should any TDCJ prisoner. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 2, 3, 7, 16, 28; ICCPR Art. 1; CATOCI OTP. Plaintiff moves for an appropriate ruling, accordingly.

104) All Mothers in TDCJ, and the children of those Mothers are arbitrarily deprived of the special care and assistance that they have an inalienable rights to, and being summarily separated indefinitely, 4/o any due process of law or equal protection of the law, while no Mother employed by TDCJ or the gov't. is ever deprived of any of the special needs and assistance that they and their children are entitled to, under the ADA no Mothers (or their children, in TDCJ should be either. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 4, 5, 8, 14; TUDOHR Arts. 2, 3, 7, 16, 25, 28; ICCPR Art. 1; CATOCI OTP. Plaintiff moves accordingly.

105) All parents in TDCJ are arbitrarily deprived of their inalienable rights to: protection by society and the state; found and raise a family; uphold and fulfill their wedding vows; sex; family; home; standard of living for health and well-being of themselves and their families; choose the kind of education for their children; educate their children, et al, 4/o any due process of law or the equal protection of the law, while no parent employed by TDCJ or the gov't is ever deprived of any of these inalienable rights. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 4, 5, 8, 14; TUDOHR Arts. 2, 3, 7, 16, 25, 28; ICCPR Art. 1; CATOCI OTP. Plaintiff moves accordingly.

106) To deprive prisoners in TDCJ of any and/or all of the "services, programs and activities" listed herein or any and/or all others that they may be or are entitled to, 4/o due process of law and the equal protection of the law, is clearly contrary to the provisions of the ADA and all such policies, contracts and/or statutes that permit and/or enforce such conduct should clearly be abolished. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 4, 5, 8, 14; TUDOHR Arts. 2, 3, 7, 28; ICCPR Art. 1; CATOCI OTP. Plaintiff moves accordingly.

107) TDCJ, TBCJ and TDCJ-TBPP Division, are all supervised and/or authorized to continue functioning by the Sunset Act, (TGC chp. 325) and the Sunset Advisory Committee (SAC), which has continued to authorize the deprivation of prisoners inalienable rights and all other services, programs and/or activities that they are entitled to, including those addressed herein, 4/o any due process of law or equal protection of the law, while no gov't. employee is ever subject to any of this.

Plaintiff chooses to exercise his inalienable right to individual personal sovereignty and specifically dissents to the Sunset Act and all other contracts and/or statutes that permit or authorize TDCJ, TBCJ, TDCJ-TBPP Division and the SAC to continue functioning as they clearly deprive Plaintiff of his inalienable rights to: life, liberty, property, family, friends, relationships, privacy, home, food, clothing, insurance, medical care, eye care, dental care, VA Healthcare, bear arms, freedom of speech and religion, freedom from unlawful search and seizure, self-determination, transportation, freedom of movement, et al. ADA; DOJ; Tx. Const.; U.S. Const.; TUDOHR; ICCPR; CATOCI OTP. Plaintiff moves accordingly.

108) All prisoners in TDCJ are arbitrarily deprived of: running water; working toilets; toilet paper; working sinks; working showers; all hygiene needs and products; working sewer system; working dishwashers; working washers/dryers; laundry detergent; all gas operated appliances; all electrically operated appliances, tools and items; gas; electricity; tv; radio; cable tv; satellite radio and tv; cups; mugs; dishes; shower shoes; clothes; and any and all other available utilities and all the items to use them – while forced to live under such conditions, 4/o transportation, bed or other furniture, 4/o any due process of law, while no gov't. employee is ever required to be subjected to such conduct or conditions, under the ADA neither should any TDCJ prisoner. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 4, 5, 8, 14; TUDOHR Arts. 2, 3, 7, 12, 13, 16, 17, 25, 28; ICCPR Art. 1; CATOCI OTP. Plaintiff moves for an appropriate ruling accordingly.

109) All prisoners in TDCJ are arbitrarily deprived of our own personal appliances, utensils, pots, pans, bowls, cups, mugs, glasses, plates, knives, forks, spoons, pyrex wares and all other necessities for preparing and/or storage of food and eating it; dining room for eating in, 4/table and chairs; bathroom 4/shower, tub and sink 4/hot and cold water 4/ adjustable valves for water flow and temperature and working toilet, all plumbed into a working sewer system; bedroom 4/mattress, box spring, pillows, linens, blankets, chest of drawers, closet(s), tv, night stand, reading light, radio, night light; luggage for packing, moving, trips and/or vacations; living room 4/furniture, sofa, love seat, chairs, recliner, tv, stereo, entertainment center 4/DVD and CD players and all other modern equipment 4/satellite, table and other necessary utilities; family room or game room 4/games for recreation, pool table, billiards table, snooker table, ping pong table, card table 4/playing cards, poker chips, checkers, chess, dominoes, Monopoly, Life, Scrabble, Trivia Pursuit and other common board games to accommodate all persons; personal golf clubs, tennis racket, golf balls, golf shoes, tennis balls, golf bag and other chosen sports equipment; golf cart; automobile or truck of choice 4/insurance; home; housing condo, apartment; medical insurance; dental insurance; insurance to all of the above; clothing, headwear, and footwear of choice; eye wear of choice and eye care; — 4/o any due process of law, while no gov't. employee is deprived of any of this, under the ADA no TDCJ prisoner should be either. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 4, 5, 8, 14; TUDOHR Arts. 2, 3, 7, 12, 13, 25, 28; ICCPR Art. I; CATOCK OTP. Plaintiff moves for an appropriate ruling accordingly.

110) All prisoners in TDCJ are arbitrarily deprived of our own personal: state and/or Federal driver's license(s); birth certificate; identification card(s); passport(s); alias; social security card(s); credit cards; debit cards; checks; checkbooks; cash-paper and coin money 4/o limitation; bank card(s); merchant cards — MasterCard, Visa, American Express, Discover, etc; state and Federal identification cards; Z-Card; Dept. of Homeland Security (DHS) card; hunting licenses; firearms — rifle(s), shotgun(s), sidearms; court records of choice; public records of choice; address — physical and P.O. Box; drugs of choice — heroin, cocaine, methamphetamines, or prescription drugs of choice; — all 4/o any due process of law, while no gov't employee is ever deprived of any of these items, under the ADA neither should any TDCJ prisoner. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 4, 5, 8, 14; TUDOHR Arts. 2, 3, 7, 25, 28; ICCPR Art. I; CATOCK OTP. Plaintiff moves for an appropriate ruling, accordingly

111) All prisoners in TDCJ are arbitrarily "racked up" and locked in our housing and deprived of all of our basic human needs; major life activities; services, programs and activities; and inalienable constitutional rights, — 4/o any due process of law or equal protection of the law, while no gov't. employee is ever subjected to this conduct, under the ADA neither should any TDCJ prisoner. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Bill of Rights; U.S. Const; Tx. Const; TUDOHR; ICCPR; CATOCK OTP. Plaintiff moves accordingly.

112) It is evident that all of the "services, programs and activities" language of the ADA include all: basic human needs; major life activities; contemporary standards of decency; inalienable constitutional rights — and are all one in the same and may not be interfered with nor deprived at any time 4/o due process of law and equal protection of the law. ADA; DOJ; U.S. Const. Art. VI; U.S. Const.; Tx. Const; TUDOHR; ICCPR; CATOCK OTP. Plaintiff so moves accordingly.

113) All prisoners in TDCJ are arbitrarily deprived of hanging anything over our doors and windows for privacy in our housing while prison officials are always wanting to look and see in like a bunch of "peeping toms"; 4/o any due process of law or equal protection of law, while no gov't. employee is ever subject to this, under the ADA neither should any TDCJ prisoner. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 2, 3, 7, 12, 25, 28; ICCPR Art. I; CATOCK OTP. Plaintiff moves accordingly.

114) All prisoners in TDCJ are arbitrarily deprived of: body guards; armed security for person and property and family; military protection; compelling military action through direct orders, — all 4/o any due process of law or equal protection of the law, while no gov't employee is ever deprived of any of this, under the ADA neither should any TDCJ prisoner. ADA; DOJ; U.S. Const. Art. VI; U.S. Const. Art. IV; U.S. Const. Amends. 5, 8, 14; TUDOHR Arts. 2, 3, 7, 12, 25, 28; ICCPR Art. I; CATOCK OTP. Plaintiff moves accordingly.

115) TDCJ has an E-COMM system available for friends and/or family to make electronic purchases for prisoners, however, the system discriminates against the E-comm recipients and is clearly fundamentally unfair in that it does not offer all the items that the commissary actually has or carries and limits purchases to only $50.00 (fifty-dollars U.S.) per calendar quarter, while prison officials have unlimited access and purchasing rights — all 4/o any due process of law or equal protection of the law, under

116) All prisoners in TOCJ are arbitrarily deprived of shopping at Walmart; K Mart; Sears; JC Penny's; Sonic; McDonalds; Wendy's; and all other retailers, dept. stores, restaurants and merchants — ¥o any due process of law or equal protection of the law, while no govt. employee is ever deprived of shopping anywhere at anytime, electronically or in person, under the provisions of the ADA neither should any TOCJ prisoner. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Amends. 5,8,10,14; TUDOHR Arts. 2,3,7,25,28; ICCPR Art. 1; CATOCI OTP. Plaintiff moves for an appropriate ruling accordingly.

117) All prisoners in TOCJ are arbitrarily deprived of manufacturing, selling and/or possessing or purchasing drugs of choice and all of the necessary products and equipment to do so — ¥o any due process of law or equal protection of the law. While the govt. clearly authorizes only certain persons or entities to do so and authorizes the confiscation of all such drugs, products, equipment and money engaged thereto making the entire system fundamentally unfair and providing only certain parties with all of those abilities. Under the provisions of the ADA all TOCJ prisoners are entitled to manufacture, sell, possess and purchase all of the drugs of their personal choice and all of the necessary products and equipment to engage thereto and use the drugs as desired accordingly ¥o any type of limitation(s), restriction(s) or discrimination. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Art. IV §2; U.S. Const. Amends. 4,5,8,14; TUDOHR Arts. 2,3,10,25,28; ICCPR Art. 1; CATOCI OTP. Plaintiff so moves accordingly.

118) All prisoners in TOCJ are arbitrarily deprived of making any pedestrian or traffic stops of govt. employees; searches and/or seizures of any govt. employees, their families, home, vehicle or other personal property — ¥o any due process of law or equal protection of the law, while no govt. employee is deprived of this and in fact is govt. authorized to do so. Under the provisions of the ADA all prisoners in the TOCJ have inalienable rights to these same services, provisions and activities. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Art. IV §2; U.S. Const. Amends. 4,5,8,14; TUDOHR Arts. 2,3,10,25,28; ICCPR Art. 1; CATOCI OTP. Plaintiff so moves accordingly.

119) All prisoners in TOCJ are arbitrarily deprived of a rest and/or sleep ¥o any disturbance; the same food, meals and snacks between meals, at meals and meal times that all govt. employees have; the same food, meals and drinks that are made available to other prisoners of our personal choice thereof, while only select prisoners also get snacks and drinks between meals; making our own peanut butter and jelly sandwiches; making our own sandwiches at all times ¥o having them made and handled by others first; butter ¥o all meals; peanut butter ¥o our pancakes and bread/toast made available to all prisoners; choice of cereal at breakfast; the same cleaning agents and supplies that govt. employees get and ¥o limitation or as needed — all ¥o any due process of law or equal protection of the law, while no govt. employee is ever deprived of any of this, under the provisions of the ADA neither should any TOCJ prisoner. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Art. IV §2; U.S. Const. Amends. 4,5,8,14; TUDOHR Arts. 2,3,10,25,28; ICCPR Art. 1; CATOCI OTP. Plaintiff so moves accordingly.

120) All prisoners in TOCJ are arbitrarily deprived of our inalienable rights to: life; liberty; property; bear arms; individual personal sovereignty; to be free from unlawful search and seizure; to be free from cruel and inhuman or degrading punishment or treatment; privacy; pursuit of happiness; vote; self-determination; home and housing; family; social security; security of person and property and family; arrest and/or place prison officials and/or govt. employees in bonds; pepper spray, taser or shoot prison officials and/or govt. employees for fleeing the scene and/or resisting arrest, — all ¥o any due process of law or equal protection of the law, while no prison official or any govt. employee is ever deprived of any of this, under the provisions of the ADA neither should any TOCJ prisoner. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Art. IV §2; U.S. Const. Amends. 4,2,4,5,8,9,14,15; TUDOHR Arts. 2,3,10,21,25,28; ICCPR Art. 1; CATOCI OTP. Plaintiff so moves.

121) All white prisoners in TOCJ are arbitrarily deprived of a or any White Entertainment TV and all Mexicans are arbitrarily deprived of a or any Mexican Entertainment TV and all Asians are arbitrarily deprived of a or any Asian Entertainment TV, while all Black or African-Americans have a Black Entertainment TV network to watch and enjoy at their will — all ¥o any due process of law or the equal protection of the law, which clearly makes the system prejudiced, discriminatory and fundamentally unfair, under the provisions of the ADA, ALL prisoners are entitled to equal treatment and provisions ¥o any restriction(s), limitation(s) or discrimination. ADA; DOT; U.S. Const. Art. VI; U.S. Const. Art. IV §2; U.S. Const. Amends. 5,8,14; TUDOHR Arts. 2,3,25,28; ICCPR Art. 1; CATOCI OTP. Plaintiff moves for an appropriate ruling accordingly.

122) No person or entity _____ s or any other inalienable rights of **Plaintiff** or any other prisoner without due process of law and the equal protection of the law as this law is an inalienable right provided by <u>U.S. Const. Art. VII Amend. 9, AOA, DOE, U.S. Const. Art. VI ; U.S. Const. Amends. 5, 9, 14.</u> **Plaintiff** moves for an appropriate ruling accordingly.

123) All prisoners in TDCJ are subject to be transferred or transported without any notice or time to prepare or any personal authorization or agreement to, while placed in bonds, handcuffs, shackles, leg irons and/or black boxes, forcibly, and restricted in the amount of property we may take with us, not informed of where we are going, with no corresponding in any way is permitted while in transit, deprived of personal privacy, and deprived of 3 hot, wholesome, nutritious meals a day with no provision for any place to eat or food of choice to eat while in transit, and deprived of daily hot showers, hygiene practices, and use of restroom, while packed into a bus, van or automobile with no provision for luggage compartment or storage of property during transit, without enough leg room, literally packed like "sardines in a can", with no way to protect one's self or get to safety in the event of an accident or other traveling emergency, while no gov't employee or prison official is ever subject to such conditions and/or conduct at any time, which is clearly contrary to the provisions of the AOA, U.S. Const., TUDOHR, TCCPH et al. <u>AOA, DOE ; U.S. Const. Art. VI ; U.S. Const. Amends. U.S. 8,14, TUDOHR Arts. 2,3,7,12,25,28; TCCPR Art. 1 ; CATOET OTP.</u> **Plaintiff** moves accordingly.

124) TDCJ has or makes contracts with all counties in Texas, AOA, MTC, GEO, Wackenhut, other States, the U.S. gov't. and possibly other private, gov't, or corporate entities, all of which comply with racial policies and/or requirements. **Plaintiff** specifically dissents to all such contracts and moves to abolish them and no person or entity may contend with, argue with or disagree with **Plaintiff's** dissension as all such contracts violate **Plaintiff's** inalienable rights to liberty, life, pursuit of happiness, self determination, freedoms, votes, property, etc. <u>AOA, DOE ; U.S. Const. Art. VI, U.S. Const. Amends. 1,2,4,5,6,7,8,9,10,14,15 ; TUDOHR Arts. 1, 2,3,7,20,25,28 ; TCCPR Art. 1 ; CATOET OTP.</u> **Plaintiff** so moves.

125) **Plaintiff** specifically dissents to all State, Federal and private statutes, policies and/or contracts regarding : access to, possession of, and/or use of any chemicals or chemical agents; abortion(s); child birth; pregnancy; childcare; procreation; reproducing; execution(s); deprivation of veterans benefits, veterans disability, retirement and/or pension(s); deprivation of veterans healthcare and access to VA clinics; depriving independence in daily living; deprivation of any subsistence allowance(s) or social security; use of force plan(s); use of force for any reason; depriving freedom of movement ; tracking, monitoring and/or spying by any type of drone, robot and/or robotically operated and/or remotely controlled or programmed instrument, device and/or equipment; attack on any prison by any drone, aircraft, spacecraft, vessel, vehicle, robot, satellite, or any other device or equipment or any other human being; deprivation of any type of software, hardware, data and/or I.T.; deprivation of any research sources; deprivation of any records or data or their sources; deprivation of any personal records and/or data; blood-alcohol content; breathalyzer(s); urine analysis; drug tests); deprivation of any distillation process and/or equipment or products therefore; deprivation of any product or anything for any purpose; police cars, patrol cars and/or cruisers/and the authority to use them for any purpose; police officers patrolling any community, anywhere in the jurisdiction of the U.S.; jails, detention centers, institution centers, prisons, stockades, lock ups, protective custody and/or related type of institutions and/or facilities and the hiring and/or training of any police officers, federal or corporate agents for any purpose or reason; the manufacture and/or use of any handcuffs, leg irons, shackles, manacles, straight jackets and/or any other type of bonds or restraints meant for use on human beings; the manufacture and/or use of any type of pepper spray, mace, tear gas, and/or laser(s); the hiring and/or use of any person to perform any job or duty that they are not specifically, publicly elected to do or perform; the use of artificial intelligence in tracking, monitoring, recording and/or spying on any person for any reason; warrants for arrest of any person for any reason(s); rape(s); harassment while dining; deprivation of any type of snacks, foods, or drinks between meals; when or where to wear jackets and/or any other article of clothing; deprivation of any clothing for any reason; locked in or out of home or personal housing

provided housing within... accessible from the inside and outside of home or housing; only one entry/exit to home or housing; hourly or scheduled entry/exit of housing; housing in an environment that smells of mold, mildew, sewage, feces, urine, animals or any other bad odors; no emergency or fire exit directly to the open outdoors from housing; special or separate dining facilities and/or food for any gov't. employee or prison official; special, separate or specific living conditions and/or housing for prisoners that are different from those of any gov't. employee or any other member of society; standards of living contrary to contemporary standards of decency; deprivation of any profession, career, specialty, education or hindrance/disability; and; deprivation of transplants, transfusions and/or donating one's organs; deprivation of political contributions and/or donations; deprivation of making any financial donation(s) to any person or organization; deprivation of access to and playing of lottery and/or lottery winnings; deprivation of patents for personal ideas and/or creations or fabrications; deprivation of business, personal business and/or businesses; deprivation of entrepreneurship; retaliation; discrimination to any person for any reason; deprivation of modifying any personal property; deprivation of construction (of anything), digging, tunneling, flying, climbing, escaping, evading, eluding or evading arrest and/or capture or of standing one's ground; deprivation of fighting, fighting to the death, weapons of war, weapons of mass destruction, war, waging war, combat, combat training; deprivation of fighting for inalienable constitutional rights; deprivation of having an army, engaging in war with the gov't. for harassment; killing persons that interfere with and/or deprive us of our inalienable rights; executing persons and their whole families for interference with and/or deprivation of any of our inalienable rights; burial, cremation and/or disposal of these persons killed; mailing remains of those killed to their families; killing gov't. employees that interfere with and/or deprive us of our rights; executions and public executions of gov't. employees and/or any others that interfere with and/or deprive us of any of our rights; deprivation of navigating by land, air, space, water or sea; trucking by any means while navigating to any location; deprivation of driving by land, air, space, water or sea by means of a horse; deprivation of spending cash money or any other type of funds and possession of any amount of funds for any reason; trading and/or bartering with any person(s) or entity for anything or any reason; deprivation of coffee, pot(s), hot pot(s), tea maker(s), crock pot(s), pressure cooker(s), skillet(s), griddle(s), propane, wood burning stove and wood heater, open or closed bar-b-que pit(s), open fire(s), natural gas, lighters, sugar, all spices, all seasonings; confinement in any space, area, vehicle, vessel, craft, building or facility by one's self or with any other person(s); deprivation of hand tools, power tools, construction, building and/or landscaping tools, equipment and/or materials; deprivation of stills, distilling equipment, mead making, beer(s), wine(s), liquor(s) and/or drugs and all necessary equipment, items and/or products necessary therefor; gathering evidence; storing evidence; evidence of or for anything or reason; deprivation of any GPS equipment or device; deprivation of calculator(s), rulers, protractors or any other drafting tools, equipment or office supplies; taxation for anything or reason; income tax; federal excise tax, sales tax, withholding(s) from wages for any reason(s), all charges, bills, fines and/or fees for anything or reason(s); deprivation of sewing machines, vacuum cleaners(s), generator(s), any type of generator; deprivation of the effective assistance of counsel; indigency requirements and/or standards; Court filing fees; collection of Court filing fees; billing for Court filing fees and/or other Court costs; deprivation of atomic or nuclear isotopes and/or any other elements of the Periodic Table; deprivation of robots, robotics, automation systems, remote control devices, remotely controlled crafts, vehicles, gear and/or other related equipment; deprivation of remotely controlled and/or monitored video and/or audio systems; remotely controlled and/or monitored utilities, water, electric, cable, satellite, gas, power, energy and/or anything else related thereto; remotely controlled, operated, monitored and/or programmed rfid chips, computer chips, microchips or anything else meant to be injected and/or implanted for tracking, gathering and/or storing of personal data or information; injecting or implanting any rfid chips, computer chips and/or microchip(s) to any human being for any reason; scheduling of housing, personal showers, library, law library, appointments, classes, dishes, doctor visits, nurse visits, meals, meal times, type of food, drinks, sleep, work, recreation, parole, probation, release, confinement and/or anything else for any reason; incarceration; confinement; imprisonment; probation; death sentences; life sentences;

39

TOJBPP; all sentences; ... (of persons); satellite tracking and/or surveillance of persons); radar tracking and/or surveillance of persons); sonar tracking and/or surveillance of persons); right to bear arms; type of arms, number of arms, amount and type of ammunition for arms); tracking and/or surveillance of any persons) in any way; tracking and/or surveillance of privately owned vehicles/its or any reasons) by any means; ignition interlock system(s) on privately owned vehicles); remotely controlling of anything used to maintain contemporary standards of decency or entertainment (e.g. cable, tv, radio, video, doors to housing, locks or housing, air, water, electricity, sewer and such); deprivation of air travel, vacation(s), sick leave, military service, pensions, social security, benefits, govt. service, public service, travel by any means, selling anything, purchasing anything, haircuts, hair care, nail care, grooming habits, hygiene practices, dressings, shoes of choice, footwear of choice, underwear, socks, use of toilet, toilet paper, tooth paste, razors, emergency exits, fire exits, automatic doors, handicap needs, handicap toilets, handicap showers, handicap handrails, handicap ramps, any type of corresponding or ability to call for help from personal housing; medical copay; deprivation of any tools, materials, equipment, personal needs, wants or desires; relationships; sex; marriage(same sex marriages); deprivation of family and children; deprivation of personal chosen standards of living; parole and probation requirements and/or stipulations, classification of prisoners; segregation of prisoners; security threat groups (stgs); supervision; lords; master; court(s); rector court(s); rock ups; shakedowns); cell/housing restriction; recreation restriction(s); dayroom(s); recreation yard(s); exercise; exercising; exercise equipment; education; deprivation of any type of education of choice; deprivation of any of the services, programs and/or activities herein and any others entitled to; deprivation of paid travel/paid vacations); conjugal visit(s)/furlough(s); deprivation of driving ourselves anywhere at any time; deprivation of going anywhere at any time; deprivation of living anywhere of personal choice; housing upstairs, downstairs or in bunk beds; deprivation of showers at any time; inspections of person/housing or property; double housing; more than single housing; community showers); deprivation of showers, toilets and/or housing the privacy; deprivation of any and/or all energy needs; deprivation of a kitchen, bedroom, house, home, closet, furniture, bathroom; deprivation of technology and/or technological needs, wants and/or desires; deprivation of media needs, wants and/or desires; deprivation of freedom of speech and freedom of speech in any way; deprivation of any towel(s), wash cloth(es), bed linen(s), mattress and box spring(s), pillow(s) and/or pillow case(s); deprivation of storage space needs, wants and/or desires that are private and securable for persons' property; deprivation of any utilities, water, electricity, gas, cable, satellite and any others; deprivation of personal handlers; deprivation of any health, fitness and/or exercise needs, wants and/or desires; deprivation of any exercise equipment for any reason; deprivation of free weights; deprivation of AC, heat and/or ventilation systems with adjustable and accessible thermostat(s)/heater in personal housing; control, interference with and/or deprivation of any aspect of life, liberty, property, privacy, home, family, ADA, U. Const., U.S. Const., TDCJPOR, SICFR, Standard Minimum Rules for the Treatment of Prisoners (SMRTP), Handbook on Prisoners with Special Needs (HOSN), and/or any other services, programs and/or activities not listed herein; mandatory shaving and/or haircuts and/or any other grooming standards; deprivation of shaving, haircuts, mirrors, hair clippers, scissors and/or hair care professionals; deprivation of arts, crafts, hobbies, sports, games, swimming, swimming pool(s) and/or golf courses or country clubs; staying for meals, classes, recreation, work or anything else; any reports or appointments for any reason; deprivation of any law books, legal publications, laws, statutes, treaties, any law list, any attorneys, any public official; deprivation of latex gloves, rubber gloves, modern building codes, OSHA, USDA, FDA, TCEQ standards; deprivation of maintenance for any reason; deprivation of calling by telephone, cell by phone and/or internet from home or housing; deprivation of solar energy, wind energy, nuclear/atomic energy, oil, gas, diesel, fuel, coal, ethane, hydrogen, oxygen, air, fresh air, purified air, filtered air, purified/filtered water, air, filter(s), water, filter(s), approved water supply, medical procedures, surgical procedures, vitamins, minerals, well-balanced diet, diet of choice, relationships (any persons);

deprivation of any needs of choice, etc. medications, FDA directions, any prescribed medication(s); deprivation of USDA and/or FDA Grade A meats, fruits, vegetables; FEMA camps and/or FEMA concentration camps and/or military prisons, brigs and/or stockades; deprivation of food and/or tools and/or equipment, wood and/or metal working tools and/or equipment, printers, 3D printers, copying machines, pens, pencils, paper, lined paper, computer paper, rulers, staplers, staples, paper clips, locks, tires, oil, trees, lumber, lumber, trucks, buses, cars, tractors, trailers, tractors, parks, tree lots, road service, streets, roads, routes, highways, interstates and/or any other alternative roads; deprivation of garbage or trash disposal or disposal facility, boots, tennis shoes, shower shoes, hair care products, dishwashing detergent, body wash, soap, deodorant, deodorant soap, feminine needs and/or products, maternity needs and/or products, children's needs, child support, masculine needs and/or products, combs, brushes, tooth brushes, laundry bags, laundry baskets, washers and dryers for laundry, urinals, toilets, toilet paper; deprivation of place of worship and time of worship (of choice); bunk beds; deprivation of a working sewer system *(No arbitrary controls by govt. or prison officials); deprivation of insulin, blood meds, heart meds, etc. meds, any meds, Medicare, Medicaid, chemotherapy, HIV/AIDS treatments and/or meds, cancer treatments and/or meds, all disease treatments and/or meds, and/or doctors of choice with second and multiple opinions; deprivation of plates, bowls, cups, mugs, knives, forks, spoons, food servings of choice and serving sizes of choice; deprivation of food, sporks, sporks, spoons and other plastic ware; deprivation of legal needs, supplies, stamps, correspondence needs, supplies, and postage *(No limitation on); forced homosexual conduct and standards; sexual discrimination; racial discrimination; pill windows and/or pill window schedule(s); deprivation of addresses, phone directories, maps, charts, all time credits on sentence(s); kitchen appliances, range, oven, toaster, blender, food processor(s), ice, ice makers), boiling water, and needs, melting and/or reducing contracts, iTech i-comm and all/any other internet purchasing sites, with purchasing/shopping, Amazon, Walmart, restaurants, convenience stores, citizenship, prosper(s), immunity, due process of law, equal protection of the law; deal due process; self-incrimination by any means; Sharia Law; deprivation of bartering, trading, sharing, helping others, getting help from others, emergency medical services, condiments for food, eating, drinking, smoking, injecting medications, securing medications, breathing, talking, laundry detergent, church of choice, gangs, brotherhoods, sisterhoods, fraternities, unions, hunting, control of lighting, light self, water(choices), republican form of government, federalism, tests of any kind, testing (physical and/or biological); DNA records, taking, keeping and/or storing of personal DNA; deprivation of medical records, personal medical records; deprivation of personal aircraft and travel thereby; deprivation of personal watercraft or seagoing vessel and travel thereby; deprivation of personal vehicle and travel thereby; deprivation of ferry boat(s) and/or travel thereby; deprivation of cruise ships and all other seagoing vessels and/or travel thereby; deprivation of mining, mineral rights, real estate, shipping of anyone and/or any thing; deprivation of any licenses (e.g. drivers, marriage, electrical, mechanical, plumbing, U.S. Merchant Marine, State and/or Federal); GPS tracking of person or property; tracking of person or property by any means for any reason; deprivation of guidance, plants, trees, crops, livestock, pets; deprivation of any labor union or other labor organization(s); deprivation of batteries, iPads, iPods, tablets, e-tablets, books, e-books, luggage, moving, packing, unpacking, possession of personal property, place to live, and/or where to live of choice; deprivation of self-employment in business of choice; identification (e.g. DL, SS card, birth certificate, credit cards, debit cards); deprivation of rest, sleep, leisure, basic human needs; assigned housing, control pickets; offender telephone service (OTS); rated (and utilities) mailrooms; shutting off or restricting any utilities in housing; recording of telephone calls; deprivation of transportation of choice, release from custody, climate control in housing, ventilation in housing, water temperature and flow rate in housing; deprivation of toilet in separate room or area than sleeping area; transfer and/or transport of prisoners; taking anyone into custody for any reason; control of meals, menus, foods; deprivation of cash, any amount of cash, access to funds, use of funds, access to ATMs, access to and purchases of commissary (No authorization); deprivation of money (e.g. coin, paper, plastic, credit), iTech i-comm purchases of all items available, publications, newspapers, finances, jobs, employment, healthcare, medical care, mental healthcare, health insurance, fire insurance,

U.S. Mail, USPS

auto insurance, theft insurance, flood insurance, property insurance, drugs, alcohol, firearms, tobacco, tattooes and equipment therefor, religion(s), religious sites and/or practices, doctors of choice, attorneys of choice, personal hygiene products and needs of choice, visitation with person(s) of choice, corresponding w/person(s) of choice, tv stations of choice, personal tvs, personal radios, personal computer(s), subway(s), all forms of public and private transportation, access to courts, electronic access to any Court, access to restrooms, access to banks and any other financial institution(s), movie(s), theatre(s), any cable or satellite network(s) or station(s) for tv or radio, commodities, cellular phones, internet service, food stamps, Lone Star card, SNAP, means of locomotion, when and/or where to walk, wages, income, worker's compensation, social security income, furniture of choice, bed and/or mattress of choice, clothing of choice, restaurants, fast food, health food, health food stores; quarantine of the sick and/or diseased with healthy person(s); housed with person(s) of different race, not family, not friends, that are strangers; all prison contract(s); American Corrections Association (ACA); deprivation of import or export of drugs and/or distribution thereof; deprivation of wallets, purses, billfolds and/or other means to carry cash and/or identification; deprivation of: food delivery service(s), all time credit off of sentence, good time and work time on probation and parole; deportation of any alien(s) and/or any other person(s) for any reason(s) and/or deprivation of U.S. citizenship after being forced to live here; prisoners deprived of corresponding with each other; all jail or prison phone contract(s); deprivation of telemedicine services with doctors of choice; deprivation of: marijuana, cocaine, methamphetamines, drugs of choice, means and/or equipment to manufacture personal drugs of choice; information about: finances, income, property, person(s), banks, credit cards, and/or any other personal or Court records; deprivation of escape; deprivation of pornographic movies, magazines, web sites and/or toys; deprivation of leaving any facility and/or institution for any reason(s); videotaping, audiotaping and/or spying on any person(s) w/o their personal knowledge and authorization; OOR(s); deprivation of windows that open in housing and too small to climb through and/or having permanent obstruction(s) in them; probation, parole and/or mandatory supervision and all stipulations there of; contraband; gov't provided controlled assigned cell phones and/or all other communication devices and/or means of communication; deprivation of any provision(s) of the Civil Rights Acts of 1871, 1964, et al; — as this clearly amounts to discrimination and interferes with the provisions of the ADA w/o any due process of law or any equal protection of the law. ADA; DOJ; U.S. Const. Art. VI; U.S. Const.; Tx Const.; Civil Rights Acts of 1871, 1964, et al; TUDOHR, ICCPR, and CAT or CIDTP. Plaintiff moves for a ruling accordingly.

126) Plaintiff has been denied of Social Security Income by the Social Security Administration (see Pl.Exh."D") even though Plaintiff is a disabled American under the ADA, already established herein, and receiving gov't services, programs and activities (see Pl.Exhs."C" + "E") which clearly entitles Plaintiff to all (or the rest) of the services, programs and activities that the gov't has, one of which is social security, under the provisions of the ADA.

Furthermore, TUDOHR was ratified by the United States on Dec. 10, 1948 with a provision that everyone has a right to social security, TUDOHR Art. 22, since Plaintiff was born on Mar. 8, 1963, Plaintiff clearly has an inalienable right to social security, retroactively, back to his date of birth, with the interest on the funds that the gov't has made, ADA; DOJ; U.S. Const. Art. VI; TUDOHR Art. 22. To deprive Plaintiff of these funds clearly amounts to discrimination and violates the provisions of the ADA; U.S. Const. Amend. 14; TUDOHR Arts 2, 22, 28; Civil Rights Act of 1964; et al, —all also inalienable rights that are also services, programs and activities that Plaintiff is clearly entitled to. ADA; DOJ.

Plaintiff moves for an appropriate ruling, accordingly.

127) Plaintiff is enrolled in the VA Healthcare Program (see Pl.Exh."C") and receiving some of the VA's services, programs and activities" that the VA Homeless Healthcare Program has, while also being deprived of many like; housing; transportation; toilet paper; paper towels; laundry detergent; washer, dryer, dishwasher, tv, radio and other common appliances; PC w/internet service; cell phone; home phone; wireless service; doctors, nurses and treatments and medications; (all of choice); retirement pay w/all other benefits; 100% disability status and pay — all retroactive to my date of separation from the USAF. Plaintiff needs medical care, dental care, and eye care for serious medical conditions and chiropractic services, all of choice, w/o charge and all of which the VA has and Plaintiff is clearly entitled to as they are all inalienable rights addressed herein. ADA; DOJ; U.S. Const.; TUDOHR; Civil Rights Act of 1964; et al. Plaintiff moves for an appropriate ruling, accordingly.

42

City, County;

128) As state and Federal gov't. agencies, like, TDCJ, law enforcement, DPS, prison officials, Texas Rangers; probation and parole officials; U.S. Marshall's Service; FBI; CIA; DHS; NSA; Secret Service; Game Wardens; and all other agencies not listed or unknown to Plaintiff — under official policy and/or by statute make home visits to parolees and private citizens ℅ invitation and many times unwelcome and requesting urine analysis, blood tests, saliva tests, DNA tests, pat searches and conducting searches and seizures of all sorts of personal property and persons, ℅ any warrant, court order or any other due process of law and ℅ respect for the equal protection of the law of any persons, while some of them even conduct pedestrian and traffick stops at will as well ℅ any warrant, court order or other due process of law, just because they can, all of which is clearly contrary to the principles and statutes addressed herein, even conducting surveillance and/or spying on Plaintiff and others, claiming they are investigating or on patrol ℅ any due process of law or equal protection of the law.

Plaintiff specifically dissents to all such actions and conduct by all govt. entities and employees therein and moves to abolish all such statutes and/or policies that permit any such actions or conduct, ADA; DOE; U.S. Const. Art. VI; U.S. Amends. 1,2,4,5,8,9,10,14; ICCPR Art. 1; Civil Rights Act of 1964; et al. Plaintiff moves accordingly.

8) All U.S. Presidential Executive Orders — All U.S. Presidential Executive Orders clearly deprive Plaintiff of his inalienable rights to: life; liberty; property; privacy; home; housing; transportation; family; bearing of arms; relationships; be free from unlawful searches and/or seizures; due process of law; be free from cruel inhuman or degrading treatment or punishment; self-determination; equal protection of the law; security of person, family and/or property; be free from all forms of discrimination; food; water; medical care; clothing etc 1-21 — ℅ any due process of law or equal protection of the law, which is clearly contrary to the provisions of the ADA, while at the same time there does not appear to be any U.S. Constitutional provision of or for any such Presidential Executive Order(s) and U.S. Const. Amend. 7 and TUDOHR Art. 21 make it clear that the power of the people is greater than that of the gov't. and the will of the people shall be the basis of the gov't., in other words, the government and all government employees may only do what society approves of and permits them to do. ADA; DOE; U.S. Const. Art. VI; U.S. Const. Bill of Rights; Civil Rights Acts of 1871, 1964, et al; ICCPR Art. 1 et al; TUDOHR Arts. 2,3,7,12,13,21,22,25,28,etal; CATOCICDTP.

For the foregoing reasons Plaintiff chooses to exercise his inalienable right to individual, personal sovereignty, which no person or entity may contend with, and specifically dissents to all terms and/or benefits of all U.S. Presidential Executive Orders, including any and all plans or provisions for FEMA camps, martial law, sharia law, or any control by the UN and/or forces therein, and moves for this Honorable Court to abolish all, accordingly. ADA; DOE; U.S. Const. Art. VI; U.S. Const. Amends. 7,9,10; TUDOHR Art. 21; ICCPR Art. 1; et al.

D. Conclusion

This suit should be ruled on accordingly, granting Plaintiff's motions for summary judgment; and judgment as matter of law; and enforcing Plaintiff's damages that he is entitled to.

Plaintiff so prays to this Honorable Court, accordingly

On this Saturday the 14th day of June 2014.

Respectfully submitted,

Gordon Kempainen

Gordon Kempainen

Plaintiff pro se